BRITISH AUTO PARTS, INC., Appellant,

v.

NATIONAL LABOR RELATIONS
BOARD, Appellee.

TELEDYNE, INC., Appellant,

v.

NATIONAL LABOR RELATIONS
BOARD, Appellee. .

Nos. 21883, 22354.

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1968.

————◆————

Sheppard, Mullin, Richter & Hampton, David A. Maddux, Los Angeles, Cal., (argued), for British Auto Parts.

Dwight Steele and Wesley Sizoo, San Francisco, Cal., O'Melveny & Myers, Charles G. Bakaly, Jr. (argued), Seymour Swerdlow, John J. Ryan, Los Angeles, Cal., for appellants.

Solomon I. Hirsh (argued), Arnold Ordman, Gen. Counsel, Dominick L. Ma-

noli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Bernard M. Dworski, Washington, D. C., Harvey Letter, Regional Atty., N.L.R.B., San Francisco, Cal., for appellee.

Before JOHNSEN *, BROWNING and CARTER, Circuit Judges.

PER CURIAM.

These two appeals are from orders of different district courts enforcing subpoenas against employers issued by the National Labor Relations Board to provide the Board's Regional Office with the addresses (in addition to the names) of the employees eligible to vote in the representation elections which had been set for the respective plants. The basis for the demand was in both cases the holding and requirement of the Board's decision in Excelsior Underwear, Inc., 156 NLRB 1236 (1966).

We can see no need to engage in further judicial discourse on the contentions made as to the unreasonableness and unfairness of an employer's being required to provide the addresses of his employees for use in a representation election, and further of his being thereby also forced to breach actual or presumable confidence in respect to employees' home privacy. These questions have had sufficient answer by decisions of two courts of appeal —with which we agree—N. L. R. B. v. Hanes Hosiery Division, 384 F.2d 188 (4 Cir. 1967), cert. denied 390 U.S. 950, 88 S.Ct. 1041, 19 L.Ed.2d 1141, and N. L. R. B. v. Rohlen, 385 F.2d 52 (7 Cir. 1967).

We accordingly merely note our approval of the findings and conclusions related to these contentions made by Judge Hill in the British Auto Parts case, 266 F.Supp. 368 (C.D.Cal.), and those made by Judge Weigel in the Teledyne case (N. D.Cal.), [not published in F.Supp.].

 We further regard as not possessing merit the challenge made beyond this to the right of the Board to use its Excelsior decision as a basis for imposing such an address requirement in the situations. This attack is predicated on the holding in Wyman-Gordon Co. v. N. L. R. B., 397 F.2d 394 (1 Cir. 1968), with which we are unable to agree, rendered by a divided court since the time of the orders of the district courts herein.

In substance the position taken by the majority in Wyman-Gordon and by each of appellants here is that the address requirement of the Excelsior decision cannot be accorded the status of a decisional or adjudicative rule; that it was not made applicable to the parties involved or the disposition effected in that controversy; that it thus constituted merely a prescription for future election situations and so amounted only to the promulgation of a general administrative rule; that the Board however was not at liberty to adopt and place in effect such an administrative prescription except upon a compliance by it with the procedural specifications of 5 U.S.C.A. §§ 1002, 1003 (now §§ 552, 553) of the Administrative Procedure Act; and that the Excelsior rule could accordingly not be so utilized by the Board.

But the question whether an employer could at all or should be required to provide the addresses of his employees for purposes of a representation election was a salient issue in the Excelsior controversy. It was one upon which briefs were requested to be filed and oral argument was directed to be made before the Board. Thus it manifestly constituted a matter that the Board was entitled to consider, rule upon, and resolve in the Excelsior proceeding—which it did as follows: "We are persuaded * * * that prompt disclosure of the information here sought by the Petitioners should be required in all representation elections. Accordingly, we now establish a requirement that will be applied in all election cases. * * *". To us it seems clear that this constituted finding, conclusion and order resting on decisional element and incident in the controversy before it and so inherently represented adjudicative process and result.

---

* Harvey M. Johnsen, Senior Circuit Judge of the Eighth Circuit, sitting by designation.

While the Board engaged in spelling out the nature and significance of its holding and the details of the practical operation thereof, such facilitating implementation would not in our opinion nullify the decisional or adjudicative character and basis of what it had done. It would be only natural that, with its heavy burden of work, the Board would seek to leave no possibility for claims of confusion and misunderstanding, or (to repeat the language which it used in relation to one of the details) "to insure that all parties to forthcoming representation elections are fully aware of their rights and obligations as here stated."

Further, we are not able to see how the fact that the Board chose not to make the decisional rule which it laid down controlling of its relief in the particular situation could alter the legal aspect or significance of its general adjudicative holding. We are not aware of any authority, other than the divisive holding in *Wyman-Gordon*, that a rule which has been laid down by an administrative tribunal on adjudicative element and process in a controversy before it is without force or effect as a decisional rule unless it is made to have application to the parties and to the relief of the immediate proceeding.

There remains the final contention that, even though the *Excelsior* rule be regarded as not invalid upon the foregoing bases, there exists no provision under either the National Labor Relations Act or the Judicial Code on which the Board can legally seek judicial enforcement of a subpoena issued in relation to it. As to this, we again agree with the holding of the Fourth Circuit in Hanes Hosiery Division, 385 F.2d at 181, and that of the Seventh Circuit in Rohlen, 385 F.2d at 57–58, as well as those of Judge Hill and Judge Weigel in the present cases, that such power and authority persuasively exist under the provisions of section 11(2) of the Act, 29 U.S.C.A. § 161(2).

 The Board has been granted by that section the right to issue and have enforced subpoenas requiring persons "to produce evidence * * * or give testimony touching the matter under investigation or in question" before it. As held in *Rohlen*, 385 F.2d at 57, a representation election inherently constitutes a "matter under investigation" from the filing of a petition or stipulation therefor, through the handling of all the incidents thereof, and until the termination of the proceedings. On this basis, the addresses as well as the names of employees could properly be found by the Board to be information which would be facilitative of both the process and the object of a representation election, and so subject to demand by it as "evidence" in a practical application of that term to the nature and aspects of such a proceeding.

With this holding, it is not necessary to consider whether jurisdiction to enforce the subpoenas involved would also coordinately or alternatively exist under the provisions of 28 U.S.C.A. § 1337 of the Judicial Code, conferring upon the district courts "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce * * *". We accordingly do not reach that question and so of course intend no intimation of any nature upon it.

The order of enforcement in each of the cases before us is affirmed.[1]

---

1. It may be noted that the Supreme Court has recently granted the Board's petition for certiorari in the *Wyman-Gordon* case, so that that case is accordingly now pending before it.