NATIONAL LABOR RELATIONS
BOARD, Appellant,

v.

DANIEL CONSTRUCTION COMPANY,
Inc., Appellee.

NATIONAL LABOR RELATIONS
BOARD, Appellee,

v.

DANIEL CONSTRUCTION COMPANY,
Inc., Appellant.

Nos. 13164, 13165.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1969.

Decided Nov. 6, 1969.

Abigail Cooley Baskir, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Solomon I. Hirsh, Atty., N. L. R. B., on the brief), for appellant.

Homer L. Deakins, Jr. (Robert T. Thompson, and Thompson, Ogletree & Haynsworth, Greenville, S. C., on the brief), for appellee.

Martin F. O'Donoghue, Patrick C. O'Donoghue, Donald J. Capuano, O'Donoghue & O'Donoghue, Washington, D. C., on the brief for amicus curiae.

Before BRYAN, CRAVEN and BUTZNER, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

The National Labor Relations Board on October 27, 1967 directed the Daniel Construction Company, Inc., of Greenville, South Carolina, to file with the Board's Regional Director, at Winston-Salem, North Carolina, a list of the names and addresses of all employees eligible to vote in a representation election.[1] The information was required to be furnished "within 7 days after the date of issuance" of the notice of election.

The company declined to comply because of the Board's intention to allow use of the material by the union[2] in its campaign to become the representative. Thereupon the Board issued a subpoena duces tecum for the production, inter

1. 167 NLRB No. 159.

2. United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO.

alia, of this data.[3] Losing on a petition to revoke the subpoena, the company still would not obey.[4] The Board then applied to the United States District Court for South Carolina to compel observance [5] and so begot the instant cause.[6]

The District Judge upheld the subpoena but imposed this condition upon the union in the use of the list:

" * * * I feel that the subpoena should be enforced on this specific condition, i. e., the [company] shall only supply such names and addresses to the petitioning union with the express restriction that the union shall communicate solely by mail with those employees who have not been on the payroll of the respondent within thirty days of this Order. As to all other employees, the right of the access by the union to the employees will not be restricted or limited by this Order."

Both the Board and the employer appeal. The former objects to any modification whatsoever, and the employer denies the validity in toto, of the subpoena.

An understanding of the condition requires that it be first framed in the circumstances prompting it. As a construction company, Daniel is engaged in building industrial and commercial plants throughout the southeastern States. The appropriate unit of company employees, for the purposes of collective bargaining, was previously determined by the Board to be:

"All journeymen plumbers and pipefitters, pipefitter welders, and pipefitter helpers employed by the Company in building and construction work in the states of North Carolina, South Carolina, Tennessee, Alabama, Georgia and Florida (Greenville Division), * * * " 133 NLRB 264, 266 (1961).

Because of the character of the company's operations many employees enjoy only intermittent work, and in a year may be engaged for only short periods of time and on different job sites. To provide them with an opportunity to participate in the choice of a bargaining representative, the Board has stated this formula of voter qualification for the election:

"Eligible to vote are those employees in the unit who have been employed for a total of 30 days or more within the period of 12 months, or who have had some employment in that period and who have been employed 45 days or more within the 24 months immediately preceding the date of the issuance of the Regional Director's Notice of Second Election, and who have not been terminated for cause or quit voluntarily prior to the completion of the last job for which they were employed. * * * "

The directive and subpoena were issued under the holding of Excelsior Underwear, Inc., 156 NLRB 1236 (1966), sustained in NLRB v. Hanes Hosiery Division-Hanes Corp., 384 F.2d 188 (4 Cir. 1967), cert. den. 390 U.S. 950, 88 S.Ct. 1041, 19 L.Ed.2d 1141 (1968) and in NLRB v. Wyman-Gordon Co., 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969). It ruled that to enable the union to acquaint the employees, and for them to be informed, of the benefits to. be derived from union representation, an employer on request must give the Board's official, in advance of the election and with access by the union, the names and addresses of the employees who could vote in the election. The Board insists that under section 9 of the Act, 29 U.S.C. § 159, it is vested with exclusive authority to conduct and supervise elections, and therefore the Court's introduction of a condition into the Board's orders was improper interference with this prerogative. NLRB v. Water-

---

3. Section 11(1) of the National Labor Relations Act, 29 U.S.C. § 161(1).

4. Section 11(1) of the Act, 29 U.S.C. § 161(1).

5. Section 11(2) of the Act, 29 U.S.C. § 161(2).

6. Prior history of this dispute will be found in the opinion of Daniel Construction Company v. NLRB, 341 F.2d 805 (4 Cir. 1965), cert. den. 382 U.S. 831, 86 S.Ct. 70, 15 L.Ed.2d 75 (1965).

man S. S. Corp., 309 U.S. 206, 226, 60 S.Ct. 493, 84 L.Ed. 704 (1940); NLRB v. Falk Corp., 308 U.S. 453, 458, 60 S.Ct. 307, 84 L.Ed. 396 (1940).

On the other hand, the employer contends that the exceptional circumstances here impairs the equation of employer and union rights said by the Board to be assured in *Excelsior*, and hence its grant of unrestricted utilization of the information by the union should be curtailed. One of the abnormal factors urged is that two-thirds of those entitled to vote are, as the District Court found, no longer in Daniel's employ and so cannot be solicited by Daniel at their work sites. Another obstacle is that under Board doctrine, formulated in Peoria Plastics Co., 117 NLRB 545 (1957), an election will be set aside if the employer has visited an employee's home to seek his vote. The result is, concludes the employer, it cannot contact a large segment of the electorate except by mail, while without the condition the union may canvass the detached workers both in person and by mail. Personal touch is emphasized as the most effective of all addresses to prospective balloters.

To avoid any inequality between the employer and the union, the District Judge limited enforcement of the subpoena by interjection of the condition now in suit: "that the union shall communicate solely by mail with those employees who have not been on the payroll of the respondent within thirty days of this Order". Although the Court's power to condition execution of the Board mandates in the circumstances, and the aptness of the condition, are the whole points of this appeal, we think these questions are unseasonably presented.

No matter the right or the wrong of the parties' contentions, their dispute was not ripe for decision in the District Court, and consequently also premature in this court on appeal. In assuming the questioned power and in decreeing thereon, the District Court transgressed the settled procedural principle that, save for extraordinary reasons, resolution of differences of law arising in certification proceedings should ordinarily await the final action of the Board. This is the declared Congressional scheme of the Act. Boire v. Greyhound Corp., 376 U.S. 473, 476–479, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); Leedom v. Kyne, 358 U.S. 184, 187, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); AFL v. NLRB, 308 U.S. 401, 411, 60 S.Ct. 300, 84 L.Ed. 347 (1940). Nothing now appears as so unusual as to warrant departure from this canon.

There is wisdom in such abstention, and now especially, for decision of these issues may never be needed. Upon an election held on the order and subpoena as written by the Board, the union may still lose, and thus all call for review of the Board's ruling, the employer's position or the District Court's modification would be obviated.

Again, should the union prevail in the election, the employer may thereafter be heard on the same arguments it has pressed on this appeal. Admittedly, the employer may refuse to bargain with the union as the collective agent, and pitch its attack on the election before the Board on the identical grounds it has relied upon in this case. At that time the Board would examine the controversy and give its opinion in the light of all relevant considerations. In this it would appraise the fairness of the *Excelsior* rule when measured against tthe pronouncement in Peoria Plastics Co., supra, 117 NLRB 545, that an employer's electioneering in the home of an employee will vitiate an election. Finally, either party may return to this court for review of the Board's ultimate decision.

No cognizable injury will result to the employer or the union by this deferment of judicial judgment until the outcome of the Board proceedings. At least, any immediately foreseeable injury is outweighed by the advantages of postponement.

For these reasons we will vacate the order of the District Court, and remand the action with the request that he enforce the order and subpoena of the Board without change.

Vacated with directions.