Lee QUON and Sik Wing Wong, on their own behalf and on behalf of all those similarly situated, Plaintiffs,

v.

Maurice STANS, Secretary of the United States Department of Commerce; George H. Brown, Director of the United States Bureau of the Census; and Richard J. Mullikan, Area Director of Northern California and Northern Nevada for the United States Bureau of the Census, Defendants.

Civ. A. No. C-70-27.

United States District Court,
N. D. California.

Feb. 6, 1970.

———◇———

Charles J. Wong, Arthur T. Berggren, Yin S. Wong, Edward H. Steinman, Jack Siedman, San Francisco, Cal., for plaintiffs.

James L. Browning, Jr., U. S. Atty., Steven Kazan, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR INTERLOCUTORY INJUNCTION

GERALD S. LEVIN, District Judge.

### I *Statement of the Case*

Plaintiffs bring this class action on their own behalf and on behalf of all other "Chinese impoverished, non-English speaking persons of the Chinatown district in San Francisco, California," who allegedly will not be counted in the taking of the 1970 United States Census. Plaintiffs contend that the basic method of enumeration proposed to be used by defendants, that of census questionnaires mailed out to known dwelling places and then mailed back by the occupants thereof, will fail to include all or even most of the plaintiffs.

Plaintiffs seek an interlocutory injunction restraining the use of this mail-out—mail-back method. Plaintiffs' claim is based upon the belief that the mail-out—mail-back method will not be effective in the highly congested Chinatown district because, *inter alia*, the questionnaires to be sent out will be in English, although a great many people in Chinatown do not speak or read English; many of the people in Chinatown do not have mailing addresses or do not regularly receive mail; many of the dwelling places provide housing for several family units; the lack of relevant publicity and information in the Chinatown district will insure that large segments of its population will not be aware of the census; and there has been no guaranty that the backup techniques used to guarantee the counting of those people not enumerated by the mail-out— mail-back method are suited to uncovering many of the people living in congested areas of Chinatown.

Defendants counter plaintiffs' contentions by attempting to show that the mail-out—mail-back method, supplemented by pre-canvassing and post-mailing checks, is a far more efficient and accurate method of counting than the technique of door-to-door enumeration used in past census taking. Defendants also aver that ample steps have been taken to insure that congested non-English speaking areas such as Chinatown will be made aware of and furnished community assistance with which to complete the proposed questionnaires and thus be included in the 1970 Census.

Defendants point to numerous procedures that the Bureau of the Census will utilize locally to insure maximum enumeration in Chinatown. Specifically, some 100,000 instruction sheets printed in Chinese will be distributed in Chinatown to aid the Chinese population there in completing the census questionnaires; bilingual residents of Chinatown will be used as pre-canvassers and follow-up enumerators in Chinatown; two assistance centers are being set up to aid the population of Chinatown in completing the questionnaires, such centers to be staffed by bilingual residents of Chinatown; a community educator recently has been hired to assist Chinatown residents with respect to the census; the Bureau of the Census will accept any list of Chinatown residents from any community organization; numerous influential and concerned leaders of the Chinatown community have been con-

tacted to enlist their aid in conducting the census in Chinatown; and arrangements have been made for considerable television, radio and newspaper publicity of the 1970 Census in Chinatown.

Defendants now move this court to dismiss the action *sua sponte* for lack of jurisdiction pursuant to Rule 12(h) (3) of the Federal Rules of Civil Procedure, or in the alternative to deny plaintiffs' motion for an interlocutory injunction.

## II *Jurisdiction*

■ Plaintiffs assert several grounds on which jurisdiction of this action is alleged to be based. The court is of the opinion that jurisdiction of this action lies under 28 U.S.C. § 1337, and therefore finds it unnecessary to determine the applicability of the other bases of asserted jurisdiction. Cf. N. L. R. B. v. British Auto Parts, Inc., 266 F.Supp. 368, 374 (C.D.Cal.1967), aff'd, 405 F.2d 1182 (9th Cir. 1968).

## III *Preliminary Injunction*

Plaintiffs do not contend that they have a Constitutional right to be counted *per se* or that any such right exists in the abstract. Rather, plaintiffs contend that the failure to include them in the 1970 Census will have the following consequences:

(1) Plaintiffs will receive less money in federal assistance because such relief is determined according to the known population base of any area in question;

(2) Plaintiffs will be denied their proportional share of representation in the Congress;

(3) Plaintiffs will not receive all the local social benefits to which they are entitled because policy decisions respecting local needs are related to census figures.

Plaintiffs argue that the mail-out—mail-back method will effectively deprive them of a proper enumeration and will result in the consequences above described. Plaintiffs seek therefore an interlocutory injunction restraining de-

fendants from using this method in the conducting of the 1970 Census.

The court is aware of plaintiffs' concern, but absent any asserted right to be counted in the abstract, which right the plaintiffs do not suggest and on which we need not comment, it does not appear that any injury is or will be visited on plaintiffs.

Admittedly even under the door-to-door system of enumeration used in past census taking, significant numbers of people were not counted. This was not the result of negligence, disinterest or ineptitude, but was instead the inevitable outcome in the face of limited personnel and financial resources and the enormity of the task undertaken. To rectify the errors found in the statistical outcome of the last census, and conscious of the many shortcomings of personal door-to-door enumeration, the Bureau of the Census intends to use more modern techniques, supplemented by safeguarding procedures designed to count those persons not counted initially by the mail-out—mail-back method. The Bureau has spent the better part of the last decade and millions of dollars in testing, perfecting, and preparing the mail-out—mail-back method for the 1970 Census. Nothing averred by defendants leads to any conclusion but that every reasonable effort is being made to obtain the best statistical information that can be obtained, even in congested non-English speaking areas such as Chinatown. Such congested areas exist in myriad forms throughout the United States, and the Bureau of the Census cannot be expected to make questionnaires available in every conceivable world dialect. If anything, the defendants appear to be making a commendable effort to see that all the people in Chinatown will in fact be reached and enumerated in the 1970 Census.

The method of enumeration sought to be utilized by the Bureau of the Census is not perfect. Perhaps proof would show that it is not even the best method. But we are convinced that, within the resource limits available to the Govern-

ment and for the reasons expressed by the Bureau of the Census, the method of enumeration to be used is fairly and rationally suited to bringing about the desired ends of maximum enumeration.

The court notes that the method, as opposed to the fact, of enumeration under the census is but a procedure and as such is within the discretion of the Bureau of the Census. See 41 Ops. Atty.Gen. 31, 33 (Aug. 26, 1949). Cf. United States ex rel. City of Atlanta, Ga. v. Steuart, 60 App.D.C. 83, 47 F.2d 979 (1931). The Director of the Census has exercised that discretion and has done so in a manner not irrational, arbitrary, or capricious. It was his judgment that the method proposed to be used for enumeration was that best fitted to the needs of the 1970 Census and all indications are that the method will in fact insure that plaintiffs are counted. The court finds the Director's judgment to have been properly exercised and will therefore not interfere.

The harms plaintiffs contend will be suffered by them are speculative at best and probably *de minimis* in light of the great majority of persons who will be counted under defendants' proposed plan of enumeration.

In addition to the foregoing the court is not satisfied that the essential elements normally requisite for the granting of preliminary injunctive relief have been met.

First, there has been no showing of irreparable injury. Irreparable injury is that injury which is certain and great.[1] Here, however, the alleged injury is far from certain and even if shown, far from great. Even if some few people in Chinatown are not counted in the 1970 Census, it is almost impossible to determine what effect, if any, this will have on the allocation of relief and benefits to Chinatown. Certainly we would be naive to assume that policy decisions respecting the needs of local communities are made solely on the basis of population figures for that area.

Second, there has not been a convincing showing of probable success on the merits at trial.[2]

Third, granting plaintiffs the relief they request would in effect destroy the status quo.[3] Defendants have announced for some time their intention to use the mail-out—mail-back method of enumeration; they have organized their procedures in accordance therewith and are now at the threshold of implementing such method. To force them to abandon their plans, even for a limited period, would entail considerable expenditures of time and money and upset the situation as it has existed for some time, the last peaceable state of affairs prior to this controversy.

Fourth, the request for injunctive relief is directed to the conscience of the court and within its discretion to grant.[4] Most courts considering the problem have taken into account the inherent equities in the case by balancing the hardships to each of the parties.[5] Unless such balance tips in favor of the plaintiffs, relief is normally denied.

1. Federal Maritime Com'n v. Atlantic & Gulf/Panama Can. Zone, 241 F.Supp. 766, 781 (S.D.N.Y.1965).

2. See Dymo Industries, Inc. v. Tapeprinter, Inc. 326 F.2d 141, 143 (9th Cir. 1964); Speedry Products Inc. v. Dri Mark Products, Inc., 271 F.2d 646, 648 (2d Cir. 1959). Cf. Alpha Distributing Co. of Cal. v. Jack Daniel's Distillery, 207 F.Supp. 136, 138 (N.D.Cal.1961), aff'd, 304 F.2d 451 (9 Cir., 1962).

3. The primary purpose of a preliminary injunction is to preserve the status quo *ante litem*, Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 740 (2d Cir. 1953), that state being defined as the last uncontested status which preceded the pending controversy. Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 809 (9th Cir. 1963); cert. den. 375 U.S. 821, 84 S.Ct. 59, 11 L.Ed.2d 55 (1963).

4. *Dymo Industries, Inc.*, supra.

5. Hamilton Watch Co., supra, 206 F.2d at 740. See also Alpha Distributing Co. v. Jas. Barclay & Co., 215 F.2d 510, 511 (9th Cir. 1954).

Here all the hardships are on the side of the defendants and are great and certain. The hardships to plaintiffs are remote and highly speculative. The court is aware that balancing of hardships may have no role or at least a lesser role where constitutional rights are involved, but plaintiffs have not claimed that theirs is a fundamental Constitutional right nor a right enforcible at all absent a showing of harm in its abridgment.

Accordingly,

(1) Defendants' motion to dismiss is denied;

(2) Plaintiffs' motion for an interlocutory injunction is denied.

It is so ordered.