**WEST END NEIGHBORHOOD COR-
PORATION et al., Plaintiffs,**

v.

**Maurice STANS et al., Defendants.**

**Civ. A. No. 535–70.**

United States District Court,
District of Columbia.

March 20, 1970.

Richard Seymour, Washington D. C., for plaintiffs.

E. Grey Lewis, Dept. of Justice, Washington D. C., for defendants.

## MEMORANDUM OPINION

BRYANT, District Judge.

The plaintiffs have brought this suit as a class action on behalf of themselves and all other impoverished, overcrowded or undereducated persons in congested urban areas. In their complaint the plaintiffs claim that the presently adopted procedures developed by the defendants for taking the 1970 United States Census guarantee that many residents will not be enumerated or included therein, and that the 1970 census will undercount certain groups disproportionately. Specifically, the plaintiffs object to the introduction by the Census Bureau of the "mail-out, mail-back" method of enumeration for urban areas. They allege that the "mail-out, mail-back" procedure (questionnaires mailed out to known dwellings and then mailed back by the occupants), far from being superior to the former method of census taking, i. e.

"door-to-door" enumeration, is, in fact, a poorer one.

The complaint further alleges that the population figures obtained in the census constitute the basis for apportionment of representatives in federal, state and local political bodies; and that other data obtained in the census provide the basis for allocating and distributing various forms of federal aid and funds to governments, organizations and areas in the United States. Thus, the plaintiffs conclude that the exclusions from the census count which will result from the use of the "mail-out, mail-back" procedure in urban areas where "impoverished, overcrowded or undereducated" persons live will violate their fundamental rights which are guaranteed by the United States Constitution.

Accordingly, the plaintiffs have asked this Court to grant a preliminary injunction to prevent defendants from implementing a procedure which they claim is destined to provide an inaccurate count. In addition, they request that the Court either order the defedants to prepare for judicial scrutiny a plan which would remedy the alleged existing deficiencies, or order at once certain specific alterations in the present plan.

The defendants moved to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. Alternatively, they request that plaintiffs' motion for a preliminary injunction be denied.

### I. *Jurisdiction*

Plaintiffs allege jurisdiction under 28 U.S.C. § 1331 [1], which provides jurisdiction of federal question cases but requires that "the matter in controversy" exceed "the sum or value 'of $10,000." The defendants challenge this ground with the argument that "[e]ven assuming that any plaintiff could show that he

1. 28 U.S.C. § 1337 is offered as an alternative ground for jurisdiction by plaintiffs. Judge Levin relied upon this section to reach the merits in Quon v. Stans, D.C.N.D.Cal. February 6, 1970, 309 F.

Supp. 604. Since plaintiffs can bring this action under 28 U.S.C. § 1331, I do not consider this alternative ground relevant for discussion.

would be definitely excluded from the census, and that funds allocated under these [federal] programs are based *solely* on the census figures, this condition, by no stretch of the imagination would result in giving him a claim against the defendant of over $10,000 in value" [2].

■ Very likely an individual plaintiff could not go to the market place and barter away his constitutional rights for $10,000. Traditionally this fact might have kept him out of a federal courthouse on the theory that the dispute was too "petty" to be heard therein. Plaintiffs' claims, however, are far from petty. Few rights in our society are more precious than the right to vote—that is, the right to vote in a system which accords equal weight to every citizen's ballot. The very life blood of a free and democratic republic springs from this right, and its inherent "value" must be equal to any amount set for jurisdictional purposes [3].

■ Since no other court can remedy plaintiffs' grievances, they must be heard here or nowhere; and it seems clear that their entry to the only available forum should not be barred by a dollar sign. Any other interpretation would raise serious constitutional questions. Murray v. Vaughn, 300 F.Supp. 688, 695 (D.R.I.1969).

The import of the defendants' argument is that some constitutional rights conceivably are worth the required $10,000 amount, but that in any event, those at issue here are not. I question the wisdom of hanging price tags on constitutional rights and therefore reject the challenge to the Court's jurisdiction.

## II. *Preliminary Injunction*

On the merits, the plaintiffs' request for a preliminary injunction must be denied.

■ It is well settled that a preliminary injunction should be granted only when an applicant can establish: (1) a substantial likelihood of success on the merits, (2) that without such relief he will suffer irreparable injury, and (3) that an injunction would be consistent with the public interest, e. g. Virginia Petroleum Jobbers Association v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958).

■ In this action plaintiffs are unlikely to be successful on the merits. While courts of law hold the power to review executive action, this power must be used sparingly. Judicial inquiry, therefore, is limited to a determination that there is a "rational basis" for the executive policies or procedures in question. E. g., Udall v. Washington, Virginia and Maryland Coach Company, Inc., 130 U.S.App.D.C. 171, 398 F.2d 765, 769 (1968), Duesing v. Udall, 121 U.S.App. D.C. 370, 350 F.2d 748, 752 (1965), cert. denied, 383 U.S. 912, 86 S.Ct. 888, 15 L.Ed.2d 667 (1966). In Udall v. Washington, supra, 398 F.2d at p. 769, the United States Court of Appeals for the District of Columbia enunciated the legal principle binding on the case at bar:

> "The court should not seek to make a *de novo* determination, and it need not agree with the Secretary's judgment in order to uphold it. For where there is more than one solution to an administrative problem the court will uphold any one that has a rational basis. Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965)."

■ The decision to use the "mail-out, mail-back" method of census counting is in the discretion of the Director of the Bureau of the Census. Clearly, his decision is not without some "rational basis." Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934). In fact, it may be the best system available in light of limited personnel, financial resources, and the enormity of the task undertaken. Assuredly, the decision to change from "door-to-door" enumeration to "mail-out, mail-back"

2. Memorandum of the government in support of its Opposition. p. 11.

3. See Giles v. Harris, 189 U.S. 475, 23 S.Ct. 639, 47 L.Ed. 909 (1903).

was not taken hastily. Extensive testing and analysis over a period of ten years preceded the Director's decision. Moreover, the Bureau has shown itself very sensitive to problems alluded to by plaintiffs, and appears to have conscientiously sought to develop special techniques to count persons in plaintiffs' situation. For example, defendants plan to concentrate their limited supply of live enumerators in congested urban areas where plaintiffs live. These enumerators are charged with the responsibility of making follow-up calls when mailed questionnaires are not returned or inaccurately prepared. As Judge Levin said:

"The method of enumeration sought to be utilized by the Bureau of the Census is not perfect. Perhaps proof would show that it is not even the best method. But we are convinced that, within the resource limits available to the Government and for the reasons expressed by the Bureau of the Census, the method of enumeration to be used is fairly and rationally suited to bringing about the desired ends of maximum enumeration." Quon v. Stans, D.C.N.D.Cal. February 6, 1970, 309 F.Supp. at p. 606.

■■ The plaintiffs also have failed to make a showing of irreparable injury. Irreparable injury is that injury which is certain and great [4]. Here, however, the alleged injury is far from certain. Plaintiffs admit that even under the door-to-door system of enumeration used in past census-taking, significant numbers of people were not counted. Under the "mail-out, mail-back" system it is a certainty that persons will be missed. In this case, issuance of an injunction cannot guarantee the inclusion of every American in the census count. Since plaintiffs do not claim that failure to be included in the census enumeration is a violation of their constitutional right, it does not appear that any injury has befallen them.

■ Finally, it would not be in the public interest to enjoin the taking of the census under these circumstances where the Bureau has made substantial efforts to devise a system whereby as many persons as possible will be included in the census count.

Therefore, it is ordered:

1) That plaintiffs' motion for a preliminary injunction is denied, and

2) That defendants' motion for summary judgment is denied.

This memorandum opinion shall constitute the findings of fact and conclusions of law in this case.

---

4. Federal Maritime Com'n v. Atlantic & Gulf/Panama Can. Zone, 241 F.Supp. 766, 781 (S.D.N.Y.1965).