Augustin L. PRIETO, Alfonso Fernandez, and Maria Trinidad Hurtado, on their own behalf and on behalf of all those similarly situated, Plaintiffs,

v.

Maurice STANS, Secretary of the United States Department of Commerce, George H. Brown, Director of the United States Bureau of the Census, and Richard J. Mullikan, Area Director of Northern California and Northern Nevada for the United States Bureau of the Census, Defendants.

Civ. A. No. C 70–430.

United States District Court, N. D. California.

April 10, 1970.

Thomas L. Fike, Oakland, Loren Mitchell, Jack Benoun, Legal Aid Society of Alameda County, Hayward, Cal., Jerald Wilhelm, Fremont, Cal., Legal Assistance Center of Washington Tp., for plaintiffs.

William D. Ruckelshaus, Asst. Atty. Gen., James L. Browning, Jr., U. S. Atty., William B. Spohn, Steven Kazan, Asst. U. S. Attys., Harland F. Leathers, E. Grey Lewis, Department of Justice, for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

### GERALD S. LEVIN, District Judge.

Plaintiffs bring this class action on their own behalf and on behalf of all those other persons who consider themselves to be Mexican-Americans, but who fear that they will not be counted as such in the 1970 Census. Plaintiffs contend that neither the mail-out, mail-back procedure nor the community education and follow-up procedures used by the Department of the Census will insure that all those who regard themselves as Mexican-Americans will be so counted. Accordingly, plaintiffs move for a preliminary injunction enjoining defendants from conducting the 1970 Census in a manner not calculated to fully account for all Mexican-Americans living in the United States of America or, in the alternative, from releasing any statistics gathered by the 1970 Census until plaintiffs and the class they represent are fully counted as Mexican-Americans.

Defendants oppose the motion for a preliminary injunction, and have also moved to dismiss the action for lack of jurisdiction.

### I. *Jurisdiction*

Although several grounds of jurisdiction have been urged upon the court, we deem it unnecessary to comment on each of them, finding jurisdiction to be proper under either 28 U.S.C. § 1337 [1] or 28 U.S.C. § 1331.[2]

### II. *The Preliminary Injunction*

Plaintiffs have expressed concern that insufficient publicity and in-community efforts will mean that numerous Spanish-speaking persons will not be aware of, reached by, or responsive to the 1970 Census. What the plaintiffs find most damaging, however, is the fact that the standard "short form" census [3] makes no provision for a person who so regards himself to be listed as "Mexican-American." In Question #4 of the short form, entitled "Color or Race," the person to whom the form is addressed has only the following possibilities from which to choose: "White," "Negro or Black," "Indian (Amer.)," "Japanese," "Chinese," "Filipino," "Hawaiian," "Korean," and "Other" [space provided to fill in exact

---

1. See the opinion of this court in Quon et al. v. Stans et al., 309 F.Supp. 604 (N.D.Cal.1970).

2. West End Neighborhood Corporation et al. v. Stans et al., 312 F.Supp. 1066 (D.D.C.1970).

3. The mail-out, mail-back procedure to be used for the 1970 Census will involve the use of three types of census forms: a "short form," to be sent to 80% of all households; a "long form," to be sent to a random selection of 15% of all households," and a "special long form," to be sent to a random selection of 5% of all households.

description]. It is intended that those considering themselves to be Mexican-American will mark themselves as "White," and the door-to-door enumerators have been so instructed. Plaintiffs contend that this will result in a serious underestimation of what is America's second-largest minority group, and will be aggravated by the fact that those Mexican-Americans who fill out their short form may be unsure as to whether they should in fact be listed as "White," "Black," or "Other." Plaintiffs concede that defendants are under no obligation to make a race or color count at all, and even that defendants might have been justified in only counting "Whites" and the single largest minority group, Negroes or Blacks. What the plaintiffs object to is the inclusion of specified minority groups on the short form clearly smaller in numbers than themselves while they are at once excluded. This, plaintiffs argue, is invidious discrimination based on race or color and as such is impermissible absent a compelling public interest.

Plaintiffs conclude that the harm they will suffer if they are not counted as Mexican-Americans in the 1970 Census will be underestimation of the resources needed in Mexican-American communities because of the underestimation of the numbers of persons residing there. Perhaps most pointedly, plaintiffs fear that programs of education and financial aid aimed at the Mexican-American community will be underfunded because of an erroneous belief as to the numbers of persons requiring such aid.

Although we are sympathetic to the position of the plaintiffs, we think that the methods adopted by the defendants will in fact insure a proper count of those who consider themselves to be Mexican-Americans and will not result in any economic or social detriment to plaintiffs.

---

4. Plaintiffs argue that even a Spanish-surname count is misleading because many Mexican-Americans have non-Spanish surnames. Although this is true,

Apart from the nature of the census forms themselves, the Department of the Census has taken several steps geared to effecting maximum participation by, and counting of, the Mexican-American community. In the San Francisco Bay Area, for example, there is a full-time Spanish-speaking Community Educator, a local assistance center in San Francisco, and distribution has been made of several pamphlets, printed in Spanish, informing the community about the 1970 Census. In addition, all persons employed as pre-canvassers in Spanish-speaking areas were residents of those areas and speak and understand Spanish. Other counting techniques will also help count the numbers of Mexican-Americans, as, for example, the Spanish-surname study undertaken in five Southwestern states.[4]

However, the most important safeguard taken by the Bureau of the Census to account for Mexican-Americans is in the language of the census form itself. While, as noted above, 80% of the forms mailed out are of the short form variety which make no provision for one to list himself as Mexican-American, the Bureau of the Census also has mailed out the long form and special long form to random households.

Both the long form and the special long form include Question #13a, which asks where the person was born and permits inclusion of the name of a foreign country. They also include Question #17, which asks what language, other than English, was spoken in this person's home when he was a child. Five choices are given, including Spanish.

The special long form only includes Question #13b, which reads as follows:

Is this person's origin or descent— (Fill one circle)

| | |
|---|---|
| O Mexican | O Central or South American |
| O Puerto Rican | O Other Spanish |
| O Cuban | O No, none of these |

it must be remembered that many other persons who are *not* Mexican-American also have Spanish surnames.

The upshot of juxtaposing all the above-enumerated procedures and types of census forms to be used by the Bureau of the Census is to make it apparent that all those who consider themselves Mexican-Americans will in fact be counted, and will suffer no harm by the fact of any lack of specificity in the nature of the short form.[5]

In evaluating the task of the Bureau of the Census, we are mindful of the considerable effort and expense undertaken by the Bureau in order to insure a complete and accurate accounting in the the 1970 Census. The documents submitted by the plaintiffs illustrate well the enormity of the task: virtually dozens of racial and ethnic groups, each with an undeniably distinct character, will be subsumed under the limited classifications made available on the short form census. Thus the category "White" will include Pakistanis and Panamanians, Brazilians and Gypsies, Arabs and Jews. The category "Other" will obviously be broad, including, for instance, Mestizos and Eskimos, Burmese and Moors. To force each of these groups to be listed in a more generic category is not to imply that the Bureau of the Census is unaware of their existence or is in any way offending their unique heritages, but rather that necessity so dictates because of the already great cost of the 1970 Census and the patent inability of the Bureau to account with 100% accuracy for every one of the myriad groups and subgroups in America.

■ If there is "discrimination" here it is of the non-legal variety which must of necessity occur whenever any categorization is made which impliedly excludes other possible categories. Because we are satisfied that the plaintiffs will be counted and their rights safeguarded, we cannot say that the failure to specifically provide for a Mexican-American category on the census forms approaches discrimination considered to be invidious and hence unlawful by the courts of this land.

■ Accordingly, we find that the plaintiffs have not satisfied this court of the existence of several of the elements commonly requisite to the granting of the extraordinary relief of a preliminary injunction. In particular, we do not believe that the plaintiffs have shown that they will suffer irreparable injury, nor that there is a convincing or even reasonable showing that they will eventually succeed on the merits of this action. Finally, and to the extent that any preliminary injunction calls upon the issuing court to weigh the relative hardships to be suffered not only by the parties, but by the public as well, we find that the balance does not tip so decidedly towards the plaintiffs, if at all, as to warrant this court granting them at this time the relief they seek. See the opinion of this court in Coffee Dan's, Inc. v. Coffee Don's Charcoal Broiler, 305 F. Supp. 1210 (N.D.Cal.1969).

Therefore,

(1) Defendants' motion to dismiss is denied:

(2) Plaintiffs' motion for a preliminary injunction is denied.

It is so ordered.

5. During the course of these proceedings the defendants have raised a serious question as to whether the plaintiffs would suffer any harm even if *no* Mexican-Americans were counted as such. The thrust of the defendants' contention is that government funding programs are aimed at certain economic, not racial groups, and hence it is *poverty* rather than *race* which is the important factor in determining government financial aid.