**NATIONAL LABOR RELATIONS BOARD, Applicant,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**Misc. No. 92–0195 (HHG).**

United States District Court, District of Columbia.

May 5, 1992.

**32**

Margery E. Lieber, Asst. Gen. Counsel for Special Litigation, Washington, D.C., Mark R. Gisler, and Albert W. Palewicz, Regional Atty., N.L.R.B., Baltimore, Md., for applicant.

Robin S. Rosenbaum, Trial Atty., U.S. Dept. of Justice, R. Andrew German, Asst. Gen. Counsel, Karen A. Intrater, Robert Sindermann, Jr., Attys., Office of Labor Law, U.S. Postal Service, Washington, D.C., for respondent.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Before the Court is an application by the National Labor Relations Board (hereinafter NLRB) to enforce a subpoena duces tecum it issued directing the United States Postal Service to produce the names, addresses, and places of employment of its employees eligible to vote in an election to

be conducted by the NLRB under section 9 of the National Labor Relations Act, 29 U.S.C. § 159. The Postal Service opposes the application arguing that compliance would violate the Privacy Act of 1974, 5 U.S.C. § 552a. The Postal Service is also bound by the National Labor Relations Act, however. The power of the NLRB to issue administrative subpoenas such as the one at issue is generally broad, and compliance with the subpoena would not be inconsistent with the Privacy Act. Accordingly, the subpoena will be enforced.

I

### Background

The Postal Service currently recognizes the Federation of Postal Police Officers (hereinafter the FPPO) as the exclusive collective bargaining representative for a unit of all postal police officers employed in the Inspection Service of the Postal Service. Approximately 1,400 uniformed employees in the Inspection Service enforce postal law and protect the mails and postal facilities nationwide. The Postal Service and the FPPO have entered into six collective bargaining agreements since 1976.

Last year the Fraternal Order of Police–National Labor Council (FOP–NLC) filed a representation petition, seeking to replace the FPPO as the exclusive bargaining agent for the Inspection Service employees. The Regional Director of the NLRB ruled that an election was appropriate so that the employees of the bargaining unit could decide, based on a secret ballot majority vote, whether to be represented by the FPPO or the FOP–NLC as their exclusive bargaining agent.

As part of its direction of an election, the NLRB required that the Postal Service provide a list containing the names and addresses of eligible employee voters. This is a so-called *Excelsior* list. *See Excelsior Underwear, Inc.*, 156 NLRB 1236 (1966). The purpose of the list is to allow the petitioning union to provide information to the employee voters and foster informed and free choices by the employees. *See Excelsior Underwear, Inc., supra,* at

1240–41; *NLRB v. Hanes Hosiery Division–Hanes Corp.*, 384 F.2d 188, 191 (4th Cir.1967).

## II

### *Routine Use Exception*

■ The Postal Service contends that it cannot comply with the subpoena because the Privacy Act bars disclosure of personal information about federal employees without their consent. The Postal Service is governed by the Postal Reorganization Act of 1970, 39 U.S.C. § 101, *et seq.* Under the terms of the Postal Reorganization Act, the National Labor Relations Act applies to the Postal Service "to the extent not inconsistent" with the Privacy Act. 39 U.S.C. § 1209(a). The Privacy Act prohibits an agency from disclosing:

> any record contained in a system of records by any person, . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.[1]

The Postal Service contends that the subpoena at issue does not fall within any exception to the Privacy Act and that therefore compliance would violate the Privacy Act which it cannot do under the terms of the Postal Reorganization Act.

The protections of the Privacy Act do not apply where records are to be released "for a routine use." Section 552a(b)(3). Under the provisions of the Privacy Act, each agency interprets what uses are "routine" within the meaning of the Privacy Act. Accordingly, the Postal Service has set out twelve circumstances where the routine use exception would apply, one of which is relevant to this case.

Postal Service Routine Use M, entitled, "Disclosure to Labor Organizations," provides:

> Pursuant to the National Labor Relations Act, records from this system may be furnished to a labor organization upon its request when needed by that organization to perform properly its duties as

the collective bargaining representative of postal employees in an appropriate bargaining unit.[2]

The Postal Service argues that because the records at issue here would be furnished to a union that is not currently a collective bargaining representative, this case falls outside the Routine Use M exception and would violate the Privacy Act. This argument is too clever by half. For a union to become a collective bargaining representative, and thereby within the Postal Service's conception of the Routine Use M exception, it must commence the election petition process of the NLRA— exactly as the FOP–NLC has done in this case. It would be contrary to the National Labor Relations Act and, indeed, common sense, to allow only those unions that are already collective bargaining representatives to receive lists of employees. Unions that are collective bargaining representatives may not need such lists, while barring unions that seek to become collective bargaining representative from receiving such information would make the election petition process meaningless.

Contrary to the Postal Service's position, the Privacy Act and the NLRA are not in conflict. If the Privacy Act is excepted so as to permit a union that represents employees to obtain the names and addresses of employees, it is consistent to allow those unions that have properly petitioned the NLRB to become representatives to also receive that information. Both the Routine Use M exception and the NLRA seek to permit and promote the ability and right of employees to choose their collective bargaining representative.

## III

### *NLRB Subpoena Power*

■ The access right of the NLRB to relevant information is broad. Under section 11(1) of the NLRA,[3] the Board shall have access to any evidence "that relates to any matter under investigation or in ques-

---

**1.** 5 U.S.C. § 552a.

**2.** 54 Fed.Reg., No. 206, at 43655.

**3.** 29 U.S.C. § 161(1).

**34**

tion." Although the NLRB does not have independent enforcement power of its subpoenas and it must seek enforcement through United States District Courts,[4] the scope of review of the subpoena is very limited. The subpoena must be for a legitimate purpose, the inquiry in question must be reasonably related to the purpose, and the demand for information must not be overly broad, indefinite or otherwise unreasonable. *See United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964); *United States v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1964).

The subpoena at issue is legitimate and reasonable. It is well established that the NLRB may require employers, governmental as well as private, to submit the names and addresses of employees eligible to vote in a representation election. *NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969); *Excelsior Underwear, Inc., supra.* Such a list is integral to the plain meaning and purpose of the NLRA. *NLRB v. Hanes Hosiery Division Hanes Corp.,* 384 F.2d 188, 191 (4th Cir.1967).

Upon consideration of the application for an order requiring compliance with the subpoena duces tecum, the opposition thereto, and the entire record herein, it is this 5th day of May, 1992

ORDERED that the application of the NLRB be and it is hereby granted; and it is further

ORDERED that the United States Postal Service obey the subpoena duces tecum.