## UNITED STATES *v.* SARLE.

*(Circuit Court, D. Rhode Island. January 27, 1891.)*

CENSUS—REFUSAL TO ANSWER—MISDEMEANORS—PROPERTY STATISTICS.

25 U. S. St. at Large, p. 765, § 15, provides that every member of a family above the age of 20 years who shall refuse to render to the census enumerator a true account "of every person belonging to such family in the particulars required by law" shall be guilty of a misdemeanor. *Held,* that it is within the offense hereby created to refuse to furnish the particulars required by Rev. St. § 2206, in regard to a farm belonging to one's wife.

At Law.

This was an indictment under 25 U. S. St. at Large, p. 765, § 15, in the following words:

"That Oliver P. Sarle, of Warwick, in said district of Rhode Island, on, to-wit, the third day of July, in the year of our Lord one thousand eight hundred and ninety, at said Warwick, within said district of Rhode Island, being then and there a person more than twenty years of age, and then and there belonging to a family, to-wit, the family of himself, said Oliver P. Sarle, residing in a certain enumeration district and subdivision of the state of Rhode Island, created and established under the authority of the congress of the United States of America, entitled 'An act to provide for taking the eleventh and subsequent censuses,' approved March 1, A. D. 1889, which said enumeration district and subdivision was then and there designated as 'Enumeration District 177 A,' and the wife of said Oliver P. Sarle being then and there the owner of a farm situate in said enumeration district, was requested by John Wright, then and there a census enumerator of the United States of America, duly employed, appointed, commissioned, and sworn to take the census of said enumeration district, under the authority and in accordance with the provisions of said act, to render a true account, to the best of his knowledge, of a person belonging to said family, to-wit, of the said wife of said Oliver P. Sarle, in certain of the particulars then and there required by law, to-wit, in the particulars of his said wife's said farm, and being so requested, did then and there willfully and maliciously refuse to render such account, and did then and there willfully and maliciously refuse to answer certain questions relating to said farm, then and there put to him by said census enumerator, in accordance with the provisions of said act, to-wit, a question as to the total number of acres in said farm; a question as to the number of acres in said farm which were tilled; a question as to the number of acres in said farm consisting of permanent meadow or pasture, cultivated forests, orchards, vineyards, nurseries, and market gardens; a question as to the estimated value of all the productions of said farm for the year A. D. 1889; and a question as to the total amount of milk produced on said farm in the year A. D. 1889,—against the peace," etc.

The defendant filed a demurrer, and the question argued was whether the inquiries authorized by law relating to a farm owned by a member of a person's family are covered by the language of the statute, which makes it incumbent upon all persons to render an account "of every person belonging to such family in the various particulars required by law;" or, in other words, whether an account of a person's farm is an account of that person in any particular.

*Dexter B. Potter,* for the defendant.

This indictment charges no offense punishable under the law. The defendant was bound to render a true account of every person belonging to his family, in the various particulars required by law. In order to ascertain what those particulars are we are referred by section 17 of the statute to Rev. St. § 2206, and to an act to provide for taking the tenth and subsequent censuses, (20 St. at Large, 473.) An examination of these statutes shows that the authorized schedules contain inquiries as to persons and their *status* and condition, including descent and other analogous particulars, and also as to the estates and property of those persons. The section of the statute which requires all persons to make answer to the enumerators refers in terms only to such of these inquiries as relate to the persons, as distinguished from their property; and it cannot be extended to cover the acts charged in this indictment without reading into the act, by construction, words importing property as well as persons. For such construction of a penal statute there is no necessity in the nature of the enactment under consideration, and such construction is therefore inadmissible.

*Rathbone Gardner*, Dist. Atty., for the United States.

The statute intends to cover questions relating to the property of a person as well as questions relating more directly to his person or physical organism. Particulars relating to the property of a person are particulars relating to that person as truly as are the particulars of his bodily health. They are all equally grouped about him, and are properly collected by the census enumerator in connection and by reference to him. If this be not true, then there is no provision of law which makes it incumbent on any person to furnish the information required by the farm schedule. This section should be so interpreted as to uphold, rather than to defeat, the purpose of the statute. Even a penal statute is not to be construed so strictly as to defeat the obvious interest of the legislature. *U. S.* v. *Hartwell*, 6 Wall. 385; *U. S.* v. *Winn*, 3 Sum. 209; *U. S.* v. *Buchanan*, 9 Fed. Rep. 689; *U. S.* v. *Wiltberger*, 5 Wheat. 76; *U. S.* v. *Morris*, 14 Pet. 465; *The Industry*, 1 Gall. 114; *U. S.* v. *Freeman*, 3 How. 556; *U. S.* v. *White*, 27 Fed. Rep. 200. The statute under which this indictment is drawn requires only a true account according to the best of the knowledge of the person interrogated. The requirement is not, therefore, so stringent as to suggest or require that it be interpreted with the greatest strictness.

*Dexter B. Potter*, in reply.

The statute is not to be stretched to accommodate the supposed necessary purpose of the census enumeration. It is true that, on our theory of the law, there is no provision for enforcing answers to the questions as to property; but it may well have been the intent of the legislature to leave the answers to those questions to the voluntary action of those who should be interrogated. The knowledge necessary to make these answers cannot be assumed to be in the minds of all the members of a family, including women and servants; and therefore it might well be considered by congress that such persons ought not to be subjected to complaint and indictment for non-compliance with the statute, whereby they would be put to exculpate themselves by showing that they had not the requisite information to enable them to make answer. An adequate intent for the statute is found, even if the provision requiring answers shall be taken to apply only to those questions which call for strictly personal particulars. The census act formerly in force (Rev. St. § 2191) is broader in this respect than the present statute, since it prescribes a penalty not only for neglect to "render a true account to the best of his knowledge of every person belonging to such family in the various particulars required herein," but also for neglect "to answer either of the inquiries authorized by law." The present statute does not contain these last words, or their

equivalent; and this omission should be taken to evidence a legislative intent to leave the answers to the questions as to property to the voluntary action of the citizen.

CARPENTER, J. The words of this statute should receive an interpretation sufficiently broad to carry out the purpose for which it was enacted. This is, of course, the general principle of decision in questions of this kind, though subject to modification and limitation from a variety of considerations. The various particulars of information required by the statute to be collected must be assumed to be important and necessary for the public service; and the statute cannot be effectual to collect them unless the penalty for refusal to answer shall be applied to all the questions authorized to be propounded to citizens and residents. The learned counsel for the prisoner, however, argues—*First*, that the words of the statute, read in the strict sense in which penal statutes are to be read, will not bear the interpretation for which the government contends; and, *secondly*, that such an interpretation is negatived by the obvious and necessary hardship which it would import into the administration of the law. It is true that this statute is not drawn with very much art, and it is equally true that the apparent intent of the legislature might have been much more clearly expressed without apparently very much additional study and labor; but I think it is possible clearly to see, in the words of the section under consideration, the meaning for which the government contends. The particulars of the property of a person are certainly a part of a "true account" of that person, in the sense of a census law, since they relate to him in an especial and individual sense. The account which is required is limited by the statute to accounts of the persons belonging to the family of the person who is interrogated. This limitation, in my view, is introduced in the act, not to limit the inquiries to personal particulars, as distinguished from particulars of property, but rather to exclude from the required information in each particular case questions relating to persons not members of the family. The former statute, if the words are to be quite literally taken, appears to denounce a penalty against those who should refuse to answer any question whatever which is authorized to be asked by the enumerator in their district. The present statute I think attempts to be more accurate, and to define the general range of the inquiries to be addressed to each person.

As to the hardship of the statute, I cannot see that it is increased by this interpretation. The requirement is that answer shall be made according to the best knowledge of the person interrogated. Such an answer is, of course, within the power of every person. The danger that an innocent person may be put to the trouble and disgrace of a trial arises under this statute equally on either interpretation, and I suppose also arises in the case of all penal statutes. It is supposable that a person, on being interrogated, might honestly say that he does not know in what country he was born, and it is possible that he might thereupon be indicted under this section, put to trial, and acquitted.

Demurrer overruled.