**UNITED STATES of America,**

v.

**William RICKENBACKER, Defendant.**

United States District Court
S. D. New York.

Sept. 1, 1961.

See also 27 F.R.D. 485.

2. 3 Cir., 1932, 58 F.2d 74, 75.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of N. Y., New York City, Irvine Younger, Asst. U. S. Atty., New York City, of counsel, for the United States.

Maclay, Morgan & Williams, New York City, for defendant.

LEVET, District Judge.

The defendant moves to dismiss the indictment on the ground that the indictment as particularized by the bill of particulars does not state facts sufficient to constitute an offense against the United States within the meaning of Section 221, Title 13 of the United States Code.

The indictment is as follows:

"The Grand Jury charges:

"On or about the 19th day of May, 1960, in the Southern District of New York, William Rickenbacker, the defendant, being a person over the age of eighteen years, when requested by an authorized employee of the Department of Commerce and a bureau thereof, to wit, the Bureau of the Census, acting under the instructions of the Secretary of Commerce and an authorized officer, unlawfully, wilfully and knowingly did refuse to answer, to the best of his knowledge, the questions on a schedule submitted to him in connection with the census and survey provided for by Subchapter II, Chapter 5, of Title 13, United States Code, to wit, the schedule entitled, 'Household Questionnaire For The 1960 Census of Population And Housing,' which questions on said schedule applied to himself and to the family to which he belonged and was related. (Title 13, United States Code, Section 221.)"

Section 141 of Title 13 United States Code (Subchapter II—Population, Housing, Agriculture, Irrigation, Drainage, and Unemployment) is as follows:

"§ 141. Population, unemployment, and housing

"(a) The Secretary shall, in the year 1960 and every ten years thereafter, take a census of population, unemployment, and housing (including utilities and equipment) as of the first day of April, which shall be known as the census date.

"(b) The tabulation of total population by States as required for the apportionment of Representatives shall be completed within eight months of the census date and reported by the Secretary to the President of the United States."

Section 221 of Title 13 United States Code, is as follows:

"§ 221. Refusal or neglect to answer questions; false answers

"(a) Whoever, being over eighteen years of age, refuses or willfully neglects, when requested by the Secretary, or by any other authorized officer or employee of the Department of Commerce or bureau or agency thereof acting under the instructions of the Secretary or authorized officer, to answer, to the best of his knowledge, any of the questions on any schedule submitted to him in connection with any census or survey provided for by subchapters I, II, IV, and V of chapter 5 of this title, applying to himself or to the family to which he belongs or is related, or to the farm or farms of which he or his family is the occupant, shall be fined not more than $100 or imprisoned not more than sixty days, or both."

By the bill of particulars, to which defendant's motion refers, it appears that the government claims defendant refused to fill out a certain questionnaire entitled, "Household Questionnaire For

The 1960 Census of Population And Housing" which was delivered to him by a census enumerator. This appears definitely to be a census or survey provided for by Subchapter II of Chapter 5 of Title 13 United States Code. The defendant on this motion raises no question of constitutionality.

The questionnaire relates, as stated thereon, to the house occupied by the person to whom the questionnaire is delivered since it states thereon, "[T]he term 'house' or 'apartment' covers your house or part of the house you occupy, or the apartment, flat, or rooms in which you live." Thus the questionnaire presumably applies to the defendant.

The questionnaire appears to be the means devised by the Bureau of the Census to elicit the information inquired by Section 141(a) and thus the sanctions of Section 221 apply.

Consequently, the motion to dismiss the indictment must be denied.

So ordered.