UNITED STATES of America, Appellee,

v.

William F. RICKENBACKER, Appellant.

No. 105, Docket 27613.

United States Court of Appeals Second Circuit.

Argued Oct. 17, 1962.

Decided Oct. 29, 1962.

Certiorari Denied Jan. 14, 1963.

See 83 S.Ct. 542.

C. Dickerman Williams, New York City, for appellant.

Sheldon H. Elsen, Asst. U. S. Atty. (Vincent L. Broderick, U. S. Atty. for Southern Dist. of New York, on the brief; Arthur I. Rosett and Michael F. Armstrong, Asst. U. S. Attys., of counsel), for appellee.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

William F. Rickenbacker was convicted in the United States District Court for the Southern District of New York, after a one-day trial before Judge Levet sitting without a jury, for refusing to answer a schedule entitled "Household Questionnaire for the 1960 Census of Population and Housing," in violation of 13 U.S.C.A. § 221(a). Judge Levet imposed a suspended sentence of 60 days' imprisonment, fined the defendant $100, and placed him on probation for one day. Rickenbacker has appealed the conviction on several grounds. We find all of these grounds without merit and affirm.

Early in 1960, in connection with the administration of the decennial census, the Government sent a supplementary household questionnaire to every fourth household in the United States, including Rickenbacker's household in Briarcliff Manor, New York. Rickenbacker subsequently told a census enumerator that he did not intend to answer the questionnaire. He later told the Grand Jury that indicted him that he based his refusal to answer upon a belief that the questionnaire represented "an unnecessary invasion of my privacy" and upon a desire "to maintain liberties in this country as a constitutional philosophical question." He also stated that he did not rest his refusal upon any fear of self-incrimination. The indictment, trial, and conviction followed.

Appellant makes several arguments on appeal. He contends that the penal sanctions for refusal to answer census questions embodied in 13 U.S.C.A. § 221(a) may be applied only to a person who refuses to answer questions "applying to himself or to the family to which he belongs or is related," construed in a narrow, strict sense, and that Congress did not intend the statute to be applied to a person who refuses to answer questions relating to the contents, construction, and conveniences of the house or household in which he lives. This question of statutory construction we do not reach, because it is clear that many of the questions on the household questionnaire which appellant refused to answer were immediately related to himself or to his family, even under the strict construction of the statute which he here advocates.

Appellant further argues that 13 U.S.C.A. § 221 "in its present form does not require written answers." However, during the time that the census was being taken appellant did not answer the questionnaire either orally or in writing. We also find no merit in appellant's claim that the household questionnaire violated his right under the Fourth Amendment to be free from illegal searches and seizures. The authority to gather reliable statistical data reasonably related to governmental purposes and functions is a necessity if modern government is to legislate intelligently and effectively. United States v. Moriarity, 106 F. 886, 891–892 (C.C.S.D.N.Y.1901). Cf. United States v. Sharrow, 309 F.2d 77 (2 Cir. 1962). The questions contained in the household questionnaire related to important federal concerns, such as housing, labor, and health, and were not unduly broad or sweeping in their scope. The fact that some public opinion research experts might regard the size of the household questionnaire "sample" as larger than necessary to obtain an accurate result does not support a conclusion that the census was arbitrary or in violation of

the Fourth Amendment. See 13 U.S.C. § 195.

▐ Finally, appellant contends that his conviction is invalid under the rule of Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220, because the motivation of the Government's decision to prosecute him was discriminatory. He bases this contention on the claim that although there is indication that other persons have also refused to fill out the household form, he is the only one against whom the Government has initiated a criminal prosecution. This claim falls well short of proving the Yick Wo requirement that a statute has been "applied and administered by public authority with an evil eye and unequal hand," 118 U.S. at 373–374, 6 S.Ct. at 1073. "The fact that not all criminals are prosecuted is no valid defense to the one prosecuted." United States v. Manno, 118 F.Supp. 511, 515 (N.D.Ill.1954); Grell v. United States, 112 F.2d 861, 875 (8 Cir. 1940).

Appellant's other claims are without merit.

Affirmed.