**UNITED STATES of America,
Plaintiff,**

v.

**Thomas L. LITTLE, Defendant.**

**Crim. A. No. 2054.**

United States District Court,
D. Delaware.

Oct. 27, 1970.

F. L. Peter Stone, U. S. Atty., Wilmington, Del., for plaintiff.

Lawrence M. Sullivan, of Sullivan, Potter & Roeberg, Wilmington, Del., for defendant.

## OPINION

LATCHUM, District Judge.

The defendant moves to dismiss the information filed against him on the ground that it fails to state facts sufficient to constitute an offense against the United States.[1]  The information charges:

"On or about May 19, 1970, at Wilmington, Delaware, in the Judicial District of Delaware, Thomas L. Little, being over eighteen years of age, in response to a request of an authorized employee of the Bureau of Census, Department of Commerce, refused and wilfully neglected to answer to the best of his knowledge *certain questions on schedules submitted to him* in connection with the 1970 Decennial Census as authorized by subchapters I, II, IV and V, Chapter 5, Title 13, United States Code, such questions being applicable to himself and his family, all in violation of Title 13, United States Code, Section 221(a)." (Emphasis supplied).

Title 13, U.S.C. § 141(a) (Subchapter II of Chapter 5) provides that the Secretary of Commerce "shall, in the year 1960 and every ten years thereafter, take a census of population, unemployment, and housing (including utilities and equipment) as of the first day of April, which shall be known as the census date."  Title 13, U.S.C. § 5 directs the Secretary to "prepare schedules" and to "determine the inquiries, and the number, form, and subdivisions thereof" for the census to be undertaken.

13 U.S.C. § 221(a) provides:

"(a) Whoever, being over eighteen years of age, refuses or willfully neglects, when requested by the Secretary, or by any other authorized officer or employee of the Department of Commerce or bureau or agency thereof acting under the instructions of the Secretary or authorized officer, to answer, to the best of his knowledge, any of the questions on any schedule submitted to him in connection with any census or survey provided for by subchapters I, II, IV, and V of chapter 5 of this title, applying to himself or to the family to which he belongs or is related, or to the farm or farms of which he or his family is the occupant, shall be fined not more than $100 or imprisoned not more than sixty days, or both."

Thus, it appears a refusal or wilful neglect to answer *any* question on *any* schedule submitted would constitute a violation of that section. Presumably there could be a separate violation for each unanswered question.

Rule 7(c), F.R.Crim.P., requires an information to "be a plain, concise and definite written statement of the essential facts constituting the offense charged." The question raised by defendant's motion is whether the information complies with this requirement.

The sufficiency of an information or indictment is determined by practical rather than technical considera-

---

1. Defendant claims the information should be dismissed on several other grounds but in view of the Court's determination on the first ground, the others need not be considered.

tions. Williamson v. United States, 310 F.2d 192, 195–196 (C.A. 9, 1962). The test is not whether it could have been more artfully and precisely drawn, Scott v. United States, 231 F.Supp. 360, 363 (D.N.J. 1964), aff'd 342 F.2d 813 (C.A. 3, 1965), but rather its adequacy is measured by whether it contains the elements of the offense intended to be charged, whether it sufficiently apprises the defendant of what he must be prepared to meet, and in the event that subsequent proceedings are brought against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. United States v. Krepper, 159 F.2d 958, 968 (C.A. 3, 1946), cert. den. 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275 (1947); United States v. Wolfson, 294 F.Supp. 267, 272 (D.Del. 1968). The present information does not meet these tests.

■ First, the information does not identify the question or questions or the schedule or schedules submitted to the defendant which he allegedly refused or wilfully neglected to answer. It merely charges that he refused or wilfully neglected to answer "certain questions on schedules submitted to him." This charge is too ambiguous and vague; it does not apprise the defendant of the specific questions or schedules which he failed or refused to answer and therefore must be held legally insufficient to charge the defendant with a crime. Cf. Lowenburg v. United States, 156 F.2d 22 (C.A. 10, 1946); United States v. Farinas, 299 F.Supp. 852 (S.D.N.Y. 1969).

Second, the same indefinite language would preclude the defendant from pleading a former acquittal or conviction as a bar to a later prosecution for the same or an included offense. The questions and schedules referred to must be more particularly identified than by the adjective "certain." The information here is quite different from the indictment upheld in United States v. Rickenbacker, 197 F.Supp. 924 (S.D.N.Y. 1961), aff'd 309 F.2d 462 (C.A. 2,

1962), cert. den. 371 U.S. 962, 83 S.Ct. 542, 9 L.Ed.2d 509 (1963). In the latter case the indictment, by referring to all the questions on an identifiable schedule, sufficiently informed the defendant of the charge. The indictment read in part as follows:

" * * * the defendant * * * wilfully and knowingly did refuse to answer * * * the questions on a schedule submitted to him * * *, to wit, the schedule entitled 'Household Questionnaire For The 1960 Census of Population and Housing' * * *."

The same is true with respect to the indictment upheld in United States v. Sarle, 45 F. 191 (C.C.R.I. 1891). The indictment in that case, unlike the present information, particularized the questions which the defendant refused to answer. It read in part as follows:

"That Oliver P. Sarle * * * did * * * willfully and maliciously refuse to answer certain questions * *, to-wit, a question as to the total number of acres in said farm; a question as to the number of acres in said farm which were tilled; a question as to the number of acres in said farm consisting of permanent meadow or pasture, cultivated forests, orchards, vineyards, nurseries, and market gardens; a question as to the estimated value of all the productions of said farm for the year A.D. 1889; and a question as to the total amount of milk produced on said farm in the year A.D. 1889, * * *"

In the present case the questions and schedules are left completely unidentified. Cf. United States v. Foote, 42 F.Supp. 717, 721 (D.Del. 1942).

■ The Government contends that because the information follows the language of the statute it is sufficient. While it is true that the general language of a statute may be used in a general description of an offense, it must be accompanied with a statement of the facts and circumstances as will inform a defendant of the specific offense, coming under the general description, with which he is charged. Russell v. United

States, 369 U.S. 749, 765–766, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Borland, 309 F.Supp. 280, 289 (D.Del.1970). The information here does not meet this requirement.

The Government further contends that its bill of particulars supplied any deficiency of the information. This contention also is without merit. It is a settled rule that a bill of particulars is not a part of an indictment or information and it cannot validate a defective one. It can neither add to nor subtract from an information or indictment nor change the crime charged. Russell v. United States, supra, 369 U.S. 749, at 769–770, 82 S.Ct. 1038, 8 L.Ed.2d 240; United States v. Critchley, 353 F. 2d 358, 362 (C.A. 3, 1965).

The Court concludes the information insufficiently charges an offense against the United States and will be dismissed.