UNITED STATES of America,
Plaintiff,

v.

Thomas L. LITTLE, Defendant.

Crim. A. No. 2079.

United States District Court,
D. Delaware.

Jan. 25, 1971.

F. L. Peter Stone, U. S. Atty., Wilmington, Del., for plaintiff.

Lawrence M. Sullivan of Sullivan, Potter & Roeberg, Wilmington, Del., for defendant.

## OPINION

LATCHUM, District Judge.

The defendant, Thomas L. Little, stands charged in an information[1] filed in this Court with refusal to answer specified questions set forth on a schedule submitted to him relating to the 1970 Decennial Census. The information reads:

"On or about May 19, 1970, at Wilmington, Delaware, in the Judicial District of Delaware, Thomas L. Little, being over eighteen years of age, in response to a request of an authorized employee of the Bureau of Census, Department of Commerce, refused and wilfully neglected to answer to the best of his knowledge questions 8 through 12, inclusive, question A, questions H1 through H23, inclusive, and questions 13 through 41, inclusive on U. S. Department of Commerce Bureau of Census Form D–2, submitted to him in connection with the 1970 Decennial Census as authorized by subchapters I, II, IV and V, Title 13, United States Code, such questions being applicable to himself and his family, all in violation of Title 13, United States Code, Section 221(a)."

The defendant has moved to dismiss the information for a number of reasons.

First, the defendant contends that the information is defective because it fails to adequately inform him of the nature of the charge as required by Rule 7(c), F.R.Crim.P., and the Sixth Amendment of the United States Constitution.[2] This is so, defendant claims, because the questions which he allegedly refused to answer are not sufficiently specified in the information nor are there any allegations supporting the pertinence of those questions. This contention is without merit.

Title 13 U.S.C. § 141(a) (Subchapter II of Chapter 5) provides that the Sec-

---

1. The present information was filed on October 27, 1970. An earlier information against the defendant was dismissed by the Court. United States v. Little, 317 F.Supp. 1308 (D.Del.1970).

2. Rule 7(c), F.R.Crim.P., requires an information to "be a plain, concise and definite written statement of the essential facts constituting the offense charged." The Sixth Amendment, in part, reads: "In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation * * *."

retary of Commerce "shall, in the year 1960 and every ten years thereafter, take a census of population, unemployment, and housing (including utilities and equipment) as of the first day of April, which shall be known as the census date." Title 13 U.S.C. § 5 directs the Secretary to "prepare schedules" and to "determine the inquiries, and the number, form, and subdivision thereof" for the census.

13 U.S.C. § 221(a) provides:

"(a) Whoever, being over eighteen years of age, refuses or willfully neglects, when requested by the Secretary, or by any other authorized officer or employee of the Department of Commerce or bureau or agency thereof acting under the instructions of the Secretary or authorized officer, to answer, to the best of his knowledge, any of the questions on any schedule submitted to him in connection with any census or survey provided for by subchapters I, II, and IV of chapter 5 of this title, applying to himself or to the family to which he belongs or is related, or to the farm or farms of which he or his family is the occupant, shall be fined not more than $100 or imprisoned not more than sixty days, or both."

Whether an information is sufficient to satisfy the requirements of the Sixth Amendment and Rule 7(c), F.R.Crim.P., is measured by whether it contains the elements of the offense intended to be charged, whether it sufficiently apprises the defendant of what he must be prepared to meet at trial, and in the event subsequent proceedings are brought against him for a similar offense whether the record will show with accuracy to what extent he may plead a former acquittal or conviction. United States v. Krepper, 159 F.2d 958, 968 (C.A. 3, 1946), cert. den. 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275 (1947). The present information meets all of those tests. It clearly specifies by num-

ber each question on the schedule which defendant allegedly refused or willfully neglected to answer upon request of an authorized employee of the Bureau of Census. It also designated the schedule submitted to him in connection with the 1970 Decennial Census which was applicable to him and his family. Furthermore, upon defendant's motion, the government filed a bill of particulars which again identified the questions involved. The defendant was also furnished by the government with an official copy of the schedule, Form D-2, referred to in the information which lists verbatim the questions submitted to him.

I conclude that the information sufficiently informs the defendant of the offense with which he is charged. United States v. Rickenbacker, 197 F.Supp. 924 (S.D.N.Y.1961), aff'd 309 F.2d 462 (C. A. 2, 1962), cert. den. 371 U.S. 962, 83 S.Ct. 542, 9 L.Ed.2d 509 (1963).

Defendant's reliance upon Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) is misplaced. In that case, the defendants were indicted under 2 U.S.C. § 192 for refusing to answer unidentified questions posed by a Congressional subcommittee. Title 2 U.S.C. § 192 provided that every person, who having been subpoenaed to testify "upon any matter under inquiry" before any Committee of Congress "willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry" shall be guilty of a misdemeanor. The *Russell* indictments neither designated the specific questions which were asked nor identified the subject under inquiry by the Committee as required by 2 U.S.C. § 192. The Supreme Court properly held the indictments to be defective for failing to plead essential elements of the offense and thus failing to apprise the defendants with reasonable certainty of the nature of the accusations against them. The present information avoids both pitfalls of the *Russell* indictments.

It specifically identifies the exact questions which defendant allegedly refused to answer and informs the defendant that the subject under inquiry related to the 1970 Decennial Census.

■■ Second, the defendant contends that 13 U.S.C. § 221(a) is unconstitutionally vague and indefinite. This claim is apparently predicated on the need to refer to other sections of Title 13 in order to determine the census or survey required to be undertaken by the Secretary of Commerce. Section 221(a) clearly makes it an offense for a person over eighteen to refuse or willfully neglect, when requested by an authorized officer of the Census Bureau, to answer to the best of his knowledge and belief, questions asked on any schedule submitted to him in connection with any census or survey required to be undertaken by subchapters I, II, IV and V of Chapter 5, Title 13. Because it is necessary to refer to other subchapters in order to determine the exact nature of the offense charged does not make the penal statute unconstitutionally vague. In drafting criminal statutes it is the better practice to place a general penalty provision at the end or near the end of an act and provide that any violation of the provisions is punishable according to the terms of the penalty section. This arrangement "permits a more orderly development of the legislative regulation and creates a clearer picture of the liabilities which the act specifies." 2 Sutherland, Statutory Construction (3rd Ed.1943), § 4826. The Court concludes that § 221(a) gives "a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute", which is all that is required of a penal statute. United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954).

■■ Third, the defendant argues that the delegation of power by Congress to the Secretary of Commerce to "take a census of population, unemployment, and housing (including utilities and equipment)" [3] and to "prepare schedules" and to "determine the inquiries, and the number, form, and subdivisions thereof, for the statistics, surveys, and censuses" [4] to be undertaken is unconstitutional because the delegation lacks an intelligible standard for administrative action. This contention is wholly without merit.

In Bowles v. Willingham, 321 U.S. 503, 515, 64 S.Ct. 641, 647, 88 L.Ed. 892 (1944), the Supreme Court, speaking of the power of Congress to delegate legislative powers, said, "Congress does not abdicate its functions when it describes what job must be done, who must do it, and what is the scope of his authority." In the census statutes, Congress has met the test of *Bowles* and has provided an intelligible standard for the delegation.

■■ Article 1, Section 2, Clause 3 of the United States Constitution states, "The actual Enumeration shall be made [every ten years] in such Manner as [the Congress] shall by Law direct." Congress has in 13 U.S.C. §§ 5 and 141(a) described the job to be done by the Secretary of Commerce and delineated the scope of his authority, viz. to "take a census of population, unemployment, and housing (including utilities and equipment)." The fact that there is a zone for the exercise of discretion by the Secretary in framing the questions which will elicit the necessary statistical information within the scope of the census to be undertaken does not render the delegation invalid. Yakus v. United States, 321 U.S. 414, 424–425, 64 S.Ct. 660, 88 L.Ed. 834 (1944). Further, in the absence of a clear showing (which has not been made in this case) that the Secretary's exercise of discretion was irrational, arbitrary or capricious, his actions will not be disturbed. Quon v.

---

3. 13 U.S.C. § 141(a).

4. 13 U.S.C. § 5.

Stans, 309 F.Supp. 604, 607 (N.D.Cal. 1970); West End Neighborhood Corp. v. Stans, 312 F.Supp. 1066, 1068–1069 (D. D.C.1970); United States ex rel. City of Atlanta, Ga., v. Steuart, 60 App.D.C. 83, 47 F.2d 979, 982 (C.A.D.C.1931).

█ Finally, the defendant contends that the answers sought by the questions propounded in the census questionnaire amounted to an unconstitutional invasion of defendant's right of privacy. He maintains that while the power of inquiry is an essential and appropriate auxiliary to the legislative function, it must be exerted with due regard for the rights of citizens, and that a citizen may refuse to answer when the bounds of the power are exceeded.

"The authority to gather reliable statistical data reasonably related to governmental purposes and functions is a necessity if modern government is to legislate intelligently and effectively." United States v. Rickenbacker, 309 F.2d 462, 463 (C.A. 2, 1962), cert. den. 371 U. S. 962, 83 S.Ct. 542, 9 L.Ed.2d 509 (1963). The questions, which defendant allegedly refused to answer, all relate and bear upon important federal concerns, such as population, housing, labor and health. The information sought in these vital social welfare areas, in which the government is so heavily committed, will afford a sound statistical basis for taking intelligent governmental action. United States v. Moriarity, 106 F. 886, 891–892 (C.C.S.D.N.Y.1901). The fact that many personal questions may be asked in order to provide statistical reports on housing, labor, health and welfare matters does not make these questions an unconstitutional invasion of a person's right to privacy. The Supreme Court in Wyman v. James, 400 U.S. 309, 321, 91 S.Ct. 381, 388, 27 L.Ed.2d 408 (1971) recently rejected the notion that a beneficiary of the program for Aid to Families with Dependent Children could refuse a house visit by a caseworker because the beneficiary might be asked "questions concerning personal relationships, beliefs and behavior * * * which are unnecessary for a determination of continuing eligibility." The Court held that such home visits were reasonable for the purpose intended and equated any possible questions that might be asked by the caseworker as no more onerous than "the census taker's questions." For this proposition, the Court cited with approval the holding of the Court of Appeals for the Second Circuit in United States v. Rickenbacker, supra.

Moreover, the information obtained by the census questionnaire is strictly confidential. 13 U.S.C. § 9. It may not be used other than for statistical reporting, and may never be disclosed in any manner so as to identify any individual who has answered the questions. Its primary purpose is to provide statistical information on which the legislative and executive departments may wisely and effectively act in those governmental areas to which this information pertains. The Court therefore concludes that the defendant's privacy is not unreasonably invaded by requiring answers to the questions asked in the census schedule submitted to him.

Accordingly, defendant's motion to dismiss the information will be denied.