# Constitutionality of State-Imposed Restrictions on Responses to Census Questions

The Supremacy Clause of the Constitution bars a state from imposing restrictions on its residents' responses to questions contained in census form.

Specific limited grant of power in the Constitution does not preclude Congress from enacting broader census legislation under the Necessary and Proper Clause.

Statutory delegation to the Secretary of Commerce and Director of the Bureau of Census is not excessive, considering long history of census legislation and practice, and census forms are within that delegation.

February 22, 1980

## MEMORANDUM OPINION FOR THE GENERAL COUNSEL, DEPARTMENT OF COMMERCE

This responds to the letter of the Legal Adviser, Bureau of the Census, seeking the opinion of this Office on the constitutionality of a bill introduced into the Senate of the State of Arizona that would limit census responses by residents of Arizona to their name, address, and age. It is our conclusion that such legislation, if enacted, would be unconstitutional under the Supremacy Clause of the Constitution (Art. VI, cl. 2) to the extent that it would purport to excuse residents of Arizona from answering questions in the census form that are authorized by federal law.

The primary authority for the census form for the 1980 census is 13 U.S.C. 141(a), pursuant to which:

> The Secretary [of Commerce] shall, in the year 1980 and every 10 years thereafter, take a decennial census of population as of the first day of April of such year, which date shall be known as the "decennial census date," in such form and content as he may determine, including the use of sampling procedures and special surveys. In connection with any such census, the Secretary is authorized to obtain such other census information as necessary.

Section 141(g) defines the term "census of population" as a "census of population, housing, and matters relating to population and housing." 13 U.S.C. § 141(g). Section 5 of title 13 gives the Secretary of Com-

416

merce general implementing authority,[1] and the Joint Resolution of June 16, 1976, 90 Stat. 688, imposes on the Secretary of Commerce special obligations to collect and publish statistics indicating the conditions of Americans of Spanish origin or descent and to develop creditable estimates of undercounting of Americans of Spanish origin or descent in future censuses.

Under Article VI, clause 2 of the Constitution, state laws must yield to federal laws and regulations if these federal authorities are made "in pursuance" of the Constitution. The sponsors of the Arizona legislation seem to suggest that the census legislation conflicts with the Constitution of the United States because Article I, § 2, clause 3 of the Constitution provides only for the enumeration of the population, and, hence, that the Constitution does not permit the inclusion in the census of any additional questions. The notion that a specific limited grant in the Constitution precludes Congress from enacting broader statutes under other powers granted to it in the Constitution was rejected by the Supreme Court more than a century ago with specific reference to the census legislation. In the *Legal Tender Cases*, 79 U.S. (12 Wall.) 457, 536 (1871), which involved the constitutionality of the statutes making paper money legal tender, the argument was made that because the Constitution specifically authorized Congress to coin money and regulate its value (Art. I, § 8, cl. 5), Congress did not have any other powers in the monetary field. The Court held that under the Necessary and Proper Clause (Art. I, § 8, cl. 18) Congress could enact legislation in aid of one or more express powers "even if there is another express power given relating in part to the same subject but less extensive." As an example for this proposition, the Court stated:

> The Constitution orders an enumeration of free persons in the different States every ten years. The direction extends no further. Yet Congress has repeatedly directed an enumeration not only of free persons in the States but of free persons in the Territories, and not only an enumeration of persons but the collection of statistics respecting age, sex, and production. Who questions the power to do this?

12 Wall. at 536.

While this approval of the broad scope of census questions in the *Legal Tender Cases* was in the nature of dictum, the Circuit Court for the Southern District of New York in *United States* v. *Moriarity,* 106 F. 886, 891–92 (1901) discussed the pertinent constitutional considerations

---

[1] This section provides:
The Secretary [of Commerce] shall prepare schedules, and shall determine the inquiries, and the number, form, and subdivisions thereof, for the statistics, surveys, and censuses provided for in this title.
Aug. 31, 1954, ch. 1158, § 5, 68 Stat. 1013.

at length, and little can be added to this classic analysis. The court stated:

> Respecting the suggestion that the power of congress is limited to a census of the population, it should be noticed that at stated periods congress is directed to make an apportionment, and to take a census to furnish the necessary information therefor, and that certain representation and taxation shall be related to that census. This does not prohibit the gathering of other statistics, if "necessary and proper," for the intelligent exercise of other powers enumerated in the constitution, and in such case there could be no objection to acquiring this information through the same machinery by which the population is enumerated, especially as such course would favor economy as well as the convenience of the government and the citizens. . . . It would be curious governmental debility that should incapacitate the nation from directing its census enumerator to ask an inhabitant concerning his business because for certain purposes he was only to be counted, and perhaps his gender ascertained. The functions vested in the national government authorize the obtainment of the information demanded by section 7 of the census act, and the exercise of the right befits an exalted and progressive sovereign power, enacting laws adapted to the needs of the vast and varied interests of the people, after acquiring detailed knowledge thereof. . . . For the national government to know something, if not everything, beyond the fact that the population of each state reaches a certain limit, is apparent, when it is considered what is the dependence of this population upon the intelligent action of the general government. Sanitation, immigration, naturalization, the opening and development of the public domain; the laying of taxes, duties, imposts, and excises, involving the adjustment of duties for the purposes of revenue to the domestic products of every kind, and the taxation of industries, . . . for these and similar purposes the government needs each item of information demanded by the census act, and such information, when obtained, requires the most careful study, to the end that the fulfillment of the governmental function may be wise and useful. . . . A government whose successful maintenance depends upon the education of its citizens may not blindly legislate, but may exercise the right to proclaim its commands, after careful and full knowledge of the business

life of its inhabitants, in all its intricacies and activities. The demurrer should be overruled.

In *United States* v. *Rickenbacker,* 309 F.2d 462, 463 (2d Cir. 1962), *cert. denied,* 371 U.S. 962 (1963), also a case involving the validity of the questions contained in the census form, the court, per then Circuit Judge Thurgood Marshall, held:

> The authority to gather reliable statistical data reasonably related to governmental purposes and functions is a necessity if modern government is to legislate intelligently and effectively. *United States* v. *Moriarity,* 106 F. 886, 891–92 (C.C.S.D.N.Y. 1901). *Cf. United States* v. *Sharrow,* 309 F.2d 77 (2d Cir. 1962). The questions contained in the household questionnaire related to important federal concerns, such as housing, labor, and health, and were not unduly broad or sweeping in their scope.

The Supreme Court, in *Wyman* v. *James,* 400 U.S. 309, 321 (1971), referred with approval to the holding in *Rickenbacker* concerning the scope of the census questions.

Nor can it be said that 13 U.S.C. §§ 5 and 141(a) contain excessive delegations of statutory power, or that the census form, as promulgated, goes beyond the scope of the delegation. It is true that the delegations contained in 13 U.S.C. § 5 and in the last sentence of 13 U.S.C. § 141(a) are broad. It should be remembered, however, that these statutes involve an area in which Congress has legislated since 1790, and which legislation and practice have crystallized into well-known standards that guide the discretion of the Secretary of Commerce and the Director of the Bureau of the Census. *Fahey Mallonee,* 332 U.S. 245, 250 (1947); *see Yakus* v. *United States* 321 U.S. 414, 424–25 (1944). Hence the district court properly held in *United States* v. *Little,* 321 F. Supp. 388, 391 (D.Del. 1971):

> Congress has in 13 U.S.C. §§ 5 and 141(a) described the job to be done by the Secretary of Commerce and delineated the scope of his authority, viz. to "take a census of population unemployment, and housing (including utilities and equipment)." [2] The fact that there is a zone for the exercise of discretion by the Secretary in framing the questions which will elicit the necessary statistical information within the scope of the census to be undertaken does not render the delegation invalid. *Yakus* v. *United States,* 321 U.S. 414, 424–425, 64 S. Ct. 660, 88 L. Ed. 834 (1944). Further, in the absence of a clear showing (which has not been made in this case) that the Secretary's

---

[2] This quotation is based on the language of 13 U.S.C. § 141(a) prior to its 1976 amendment.

exercise of discretion was irrational, arbitrary or capricious, his actions will not be disturbed.

We have examined the 1980 census form. The questions asked appear to be either within the scope of the information traditionally asked in census forms or within the mandate of the Joint Resolution of June 16, 1976. It is therefore our conclusion that 13 U.S.C. §§ 5 and 141(a), as implemented by the 1980 census form, are valid laws of the United States made in pursuance of the Constitution. Moreover, in view of the statistical nature of census operations, it is imperative that the census questionnaire be answered uniformly throughout the United States. State legislation that purports to excuse the inhabitants of a state from having to answer some of the questions contained in the census forms would constitute "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Accordingly, the state legislation must give way to the federal law. *Hines* v. *Davidowitz,* 312 U.S. 52, 67 (1941); *Jones* v. *Rath Packing,* 430 U.S. 519, 526 (1977).

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*