**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**ECEDRO LINDQUIST, Defendant**

## Crim. No. 391-1974

## Municipal Court of the Virgin Islands

### Div. of St. Thomas and St. John

## November 20, 1974

**MICHAEL,** *Judge*

### OPINION

The Defendant in the above entitled case before the court challenges the charge of disturbing the peace under Title 14, Sec. 622 of the Virgin Islands Code, in that he "wilfully and maliciously disturbed the peace of a person by loud, tumultuous, offensive conduct, and threatening", on the ground that it is "so vague and uncertain in its terminology and so overbroad in reach and application as to be unconstitutional, and therefore not enforceable by law," and as a consequence, moves the court to Dismiss the Complaint.

Paragraph (1) of the section under which the Defendant is charged reads as follows:

"Whoever maliciously and wilfully (1) disturbs the peace or quiet of any village, town, neighborhood or person, by loud or unusual noise, or by tumultuous offensive conduct, or threatening, traduc-

ing, quarrelling, challenging to fight or fighting . . . shall be fined not more than $100.00 or imprisoned not more than 90 days, or both."

The court in the case of State v. Archibult, 9 Atl. 362, which is an old case, stated that "an accusation should be sufficiently specific to enable the defendant to prepare his defense, and if the mere following of the words of the statute do not give him this information, then the charge in the words of the statute is to do no more than charge a conclusion of law."

This court is in full agreement with such holding, but the Defendant in the case before it does not challenge the complaint on that ground. The question is, whether in the case under consideration the complaint is so riddled with imperfections as to be unconstitutional and therefore not enforceable.

The Government of the Virgin Islands in its Answer to Defendant's Motion to Dismiss contends that the challenged statute "is not unconstitutionally vague and overbroad as applied to the Defendant."

The court has read the cases cited on both sides, and others, and there is no doubt that the Supreme Court has for a number of years from time to time struck down oodles of Disturbance of the Peace statutes, finding many of them, as the Defendant claims, to be vague, overbroad in reach, etc., and therefore unconstitutional.

In the case of People v. Vaughn, et al., 65 Cal.App.2d, Supp. 844, 150 P.2d 964 (1944), which statute is similar to ours, the court said:

"A statutory provision that every person who maliciously and wilfully disturbs the peace or quiet of any neighborhood or person by loud or unusual noise, or by tumultuous or offensive conduct, is guilty of a misdemeanor, is not subject to attack for uncertainty on the ground that it fails to set up an ascertainable standard of guilt."

4

In the last U.S. case cited by the Defendant in his motion to Dismiss, Mollie Lewis v. City of New Orleans, 415 U.S. (1974) 14 Cr. L.R. 3079, the Supreme Court held, on remand, that "the ordinance" which was then under consideration, "as thus construed, is susceptible of application to *protected speech* and therefore overbroad in violation of the First and Fourteenth Amendment and facially invalid." (Emphasis supplied.)

The ordinance which the Supreme Court had before it in the first instance and which was considered, provides that "It shall be unlawful and a breach of the peace for any person wantonly to cause or revile or to use obscene or opprobrious language toward or with reference to any member of the city police while in the actual performance of his duties."

This ordinance was sustained by the Louisiana Supreme Court. On remand from the Supreme Court, the Louisiana Supreme Court took the position that "Proscriptions are narrow and specific—wantonly cursing, reviling, and using obscene or opprobrious language."

By the findings of the Supreme Court it appears that the word it specifically condemned as overbroad was "opprobrious", which does not appear in our statute. Moreover, it will be noted that the Supreme Court remanded the case to the Supreme Court of Louisiana for the purpose of giving it an opportunity of refining or narrowing the words of the statute, but that court did no such thing, but emphasized its position by the quoted words contained at the end of the preceding paragraph.

In considering the said word, "opprobrious", the Supreme Court states that "At the least, the proscription of the use of opprobrious language, embraces words that do not by their utterance inflict injury or tend to incite an immediate breach of the ordinance *is evident from its emphasis upon the City's justification for regulation of the con-*

5

*duct of any person towards a member of the city police while in an actual performance of his duty.*" (Emphasis supplied.)

The statute with which the defendant herein is charged has no such infirmity, as is indicated in the case of People v. Vaughn, infra.

By the above it is apparent that tumultuous offensive conduct is known as conduct which disturbs the peace and may be in a series of known ways which are disturbing to one's peace or quiet, such as "shouting". Govt. of the V.I. v. John Williams, Mun. Ct. St. T. and St. J. No. 90-1974. Therefore, in view of the meaning of the words with which the defendant is charged, if he believes that he would be in a better position to prepare his defense, he may require a Bill of Particulars as hinted by the Attorney for the Government.

In the case of Cohen v. California, 403 U.S. 15 (1971), cited by the Defendant, he was convicted in the Municipal Court under a statute similar to ours. The California Court of Appeals upheld the conviction. The Supreme Court of California declined to review and the matter reached the Supreme Court by reason of the Constitutional question raised by the Defendant, that is, "His rights to freedom of expression guaranteed by the First and Fourteenth Amendments of the Federal Constitution."

As the Supreme Court states in its opinion, pg. 18, "In order to lay hands on the precise issue which this case involves, it is useful first to canvas various matters which this record does *not* present.

"The conviction quite clearly rests upon the asserted offensiveness of the *words* Cohen used to convey his message to the public. The only 'conduct' which the State sought to punish is the fact of communication."

The court went on to say at page 19, that "Appellant's conviction, then, rests squarely upon his exercise of the

6

'freedom of speech' protected from arbitrary governmental interference by the Constitution and can be justified, if at all, only as a valid regulation of the manner in which he exercised that freedom, not as a permissible prohibition on the substantive message it conveys."

Fortuitiously, this court had the opportunity of construing our statute years before the Cohen case and found, contrary to the California Court of Appeals in the case it had before it, "that an act committed by a person in public which is not in itself harmful to others and which is not committed in a loud or boisterous manner, is not a violation of the criminal statutes of the Virgin Islands just because it is an unusual act which causes a crowd to gather because of curiosity." Government of the Virgin Islands v. Eric Kierkagaard, 6 V.I. 377 (1967).

By the above, it is evident that if this court had before it a case similar to the one the Los Angeles Municipal Court had, even if it were "an unusual act *which caused a crowd to gather*" which in the Cohen case did not take place, the court would have entertained a Motion to dismiss.

The case In Re Bushman (1970) 83 Cal. Rptr. 375, 463 P.2d 727, cited by the Government, is another case similar to ours, which was upheld, stating "that the statute providing that every person who maliciously and wilfully disturbs the peace or quiet of any person by tumultuous or offensive conduct is guilty of a misdemeanor *is not violative of free speech inasmuch as it does not make criminal any nonviolent act unless the act incites or threatens to incite others to violence . . ."*

The above holding comports with the findings of this court in the case of the Government of the Virgin Islands v. Erick Kierkagaard, supra.

In view of all of the above, this court concludes that the interpretation given to our Disturbance of the Peace statute long ere this, and which coincides with the interpreta-

tion given similar statutes in later cases cited, the Defendant's Motion to Dismiss will be denied.