**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**LLOYD DAVID, Defendant**

Criminal No. 323/1983

**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**ADRIAN FRANCIS, Defendant**

Criminal No. 359/1983

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 3, 1984

Gerald P. Boggess, Esq., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for government*

WILLIAM C. K. EVANS, ESQ., Territorial Public Defender, St. Thomas, V.I., *for defendant Francis*

ARTURO WATLINGTON, ESQ., Chief Public Defender, St. Thomas, V.I., *for defendant David*

MEYERS, *Judge*

## MEMORANDUM OPINION AND ORDER
### I. INTRODUCTION

These two separate actions, which are consolidated solely for purposes of this decision, are before the Court on each of the respective Defendant's motion to dismiss Counts II and III of the complaint, pursuant to Rule 12(b)(2), Federal Rules of Criminal Procedure, on the ground that they are fatally defective.[1] The Government, as usual, did not respond to the motions. For the reasons set forth below, the Defendants' motion to dismiss Counts II and III of the complaint will be granted.

### FACTS

A. *Defendant David—Criminal No. 323/1983*

On September 13, 1983, the Government of the Virgin Islands (Government) filed a three-count complaint against Defendant Lloyd David, charging him with Malicious Destruction of Property in violation of 14 V.I.C. § 1266 (Count I), Aggravated Assault and Battery in violation of 14 V.I.C. § 298(1) (Count II), and Interfering with an Officer Discharging his Duty in violation of 14 V.I.C. § 1508 (Count III). On January 13, 1984, defendant David filed the instant motion to dismiss Counts II and III of the complaint on the ground that they were fatally defective. In those counts, the Government charged that defendant David on or about the 23rd day of August, 1983, in St. Thomas

Count II: Did knowingly assault a police officer, Detective Daniel Liburd, in violation of 14 V.I.C. § 298(1).[2]

---

[1] Alternatively, the Defendant in Criminal No. 359/83 has moved the Court, pursuant to Rule 7(f), Federal Rules of Civil Procedure, for a bill of particulars containing specific factual statements with regard to the charges contained in said counts. In light of the Court's disposition of the motion to dismiss, it need not address this issue.

[2] 14 V.I.C. § 298(1) (Supp. 1982) states in pertinent part:

Aggravated assault and battery
   Whoever commits an assault and battery—
   (1) upon an officer in the lawful discharge of the duties of his office, if it was

Count III: Did resist arrest and obstruct police officers Sgt. J. Gifft and Det. Daniel Liburd, in violation of 14 V.I.C. § 1508.[3]

B. *Defendant Francis—Criminal No. 359/83*

With respect to Defendant Adrian Francis, the Government, on October 13, 1983, filed a three-count complaint charging him with Aggravated Assault and Battery in violation of 14 V.I.C. § 298(1) (Count I); Interfering with Officer Discharging his Duty in violation of 14 V.I.C. § 1508 (Count II); and Disturbing the Peace in violation of 14 V.I.C. § 622. On January 12, 1984, defendant Francis filed the instant motion to dismiss Counts II and III of the complaint on the ground that they were fatally defective. In those counts, the Government charged that defendant Francis on or about the 30th day of September, 1983, in St. Thomas/St. John did:

Count II: Willfully resisted, delayed and obstructed Officer E. Prescod in the discharge or attempt to discharge the duties of his office in violation of 14 V.I.C. § 1508.[4]

Count III: Disturbed the Peace of Mary Davidow and George Sandlog by his tumultuous offensive conduct, threatening and challenging to fight in violation of 14 V.I.C. § 622.[5]

## III. DISCUSSION

Rule 7(c), Federal Rules of Criminal Procedure, states in pertinent part that "[t]he indictment or the information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

---

known or declared to the offender that the person assaulted was an officer discharging an official duty . . . shall be fined not more than $500 or imprisoned not more than 1 year, or both.

[3] 14 V.I.C. § 1508 states in pertinent part:

Interfering with officer discharging his duty
Whoever willfully resists, delays or obstructs any public officer in the discharge, or attempt to discharge any duty of his office, shall . . . be fined not more than $500 or imprisoned not more than 1 year, or both.

[4] See, footnote 2, supra.

[5] 14 V.I.C. § 622 states in pertinent part:

Disturbing the peace; fighting
Whoever maliciously and willfully—
(1) disturbs the peace or quiet of any . . . person, by loud or unusual noise, or by tumultuous offensive conduct, or by threatening, traducing, quarreling, challenging to fight or fighting . . . shall be fined not more than $100 or imprisoned not more than 90 days or both.

The defendant in each case filed a motion to dismiss Counts II and III of their respective complaints on the ground that these counts "merely recite the [statutory language of the] crimes the Defendant[s are] charged with, not giving the slightest hint as to the specific alleged conduct on the part of the defendant[s], as is constitutionally required." The Court agrees.

■ The United States Supreme Court has repeatedly emphasized two of the protections which an indictment, information or complaint is intended to guarantee reflected by two criteria by which the sufficiency of the indictment, information, or complaint is to be measured. These criteria are: (1) that the indictment, information, or complaint contains all the elements of the offense charged and sufficiently apprises the defendant of what he must be prepared to meet, and (2) that in the event subsequent actions are brought against the defendant for a similar offense, the record shows with accuracy the extent to which he may plead a former acquittal or conviction. Hamling v. United States, 418 U.S. 87, 117 (1974); Russell v. United States, 369 U.S. 749, 763–64 (1962).

■ In the instant case, the complaints fail to meet those standards. In the case involving defendant David, for example, Count II, charging Aggravated Assault and Battery, omitted two of the essential elements of the crime. First, there is no allegation that it was known or declared to the defendant that the person assaulted was a police officer, and, second, that said officer was lawfully discharging the duties of his office. Additionally, Count II failed to specify which way, of the many conceivable ways that exist, the defendant committed the alleged assault, e.g., kicking, slapping, spitting or punching, or shooting the police officer, etcetera. Likewise, with respect to Count III, the Government has failed to include two essential elements of the offense of resisting arrest. First, there is no allegation that the defendant's alleged actions were willful as required by the statute, and, second that these police officers were lawfully discharging or attempting to discharge the duties of their office. Additionally, the Government failed to specify the manner in which the defendant resisted arrest and obstructed the officers. The Court, therefore, concludes that these counts are fatally defective and must be dismissed.

■■ Similarly, in the case involving defendant Francis, the counts in question, although parroting the language of the statutory sections, are also fatally defective. For example, Count II again failed to specify which of the many possible ways the defendant re-

sisted arrest and obstructed the police officer from discharging his official duties. Count III is also defective in that it merely uses generic terms without any specification as to how the defendant disturbed the peace of the complainants.

> It is an elementary principle of criminal pleading that, where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species,—it must descend to particulars'.

Russell v. United States, supra, at 765, quoting, United States v. Cruikshank, 92 U.S. 542, 548.

█ Without any factual statements as to their alleged misconduct, these defendants are not being apprised of what they must be prepared to defend against. Secondly, such ambiguous and vague charges, as presented in these complaints, effectively preclude the defendants from being in a position to plead a former acquittal or conviction as a bar to a later prosecution for the same or a lesser-included offense. Such a result is contrary to our constitutional principles and is impermissible. The mere fact that the complaints follow the language of the criminal statute does not necessarily make them sufficient. "While it is true that the general language of a statute may be used in a general description of an offense, it *must* be accompanied with a statement of the facts and circumstances as will inform a defendant of the specific offense, coming under the general description, with which he is charged." United States v. Little, 317 F.Supp. 1308, 1310 (D. Del. 1970). (Emphasis added.) The very language of 5 V.I.C. App. IV, Rule 121, which states that "[t]he complaint is a written statement of essential facts constituting the offense charged" command this. "Without this crucial, minimal information, a defendant is deprived of [his] Sixth Amendment right to be apprised of the charges against [him], and [his] Fifth Amendment right to establish a record to defend against the possibility of double jeopardy." United States v. Hinkle, 637 F.2d 1154, 1158 (7th Cir. 1981). Needless to say, this Court has repeatedly admonished the Government that such forms of pleading were insufficient and urged it to desist from such practices. However, it has failed to heed such admonitions.

█ The Court is cognizant of authority contrary to today's holding. In State v. Gitaitis, 56 Del. 1230, 193 A.2d 92 (1963), for exam-

ple, where that court was presented with a similar question, the court held that the means used to effectuate the crime need not be specified. This Court finds the reasons advanced by the Gitaitis court to be totally unconvincing and contrary to settled constitutional principles. As one court has aptly stated:

> A defendant has a right to rely on the phraseology of the indictment, and is not required to inferentially supply an omission resulting from somewhat less than precise draftsmanship [on] behalf of the State. It does no good to imply, as the State seems to have done, that the defendant may well know what "crime" the State had in mind. Any such implication flies in the face of the presumption that the accused is innocent and without knowledge of the facts charged.

State v. Minnick, 53 Del. 1261, 168 A.2d 93, 97 (1960). Cf., State v. McKeehan, 91 Idaho 808, 430 P.2d 886 (1967).

■ It may be argued that the deficiencies in the present complaints may be cured by a bill of particulars, as is suggested in Government of the Virgin Islands v. Lindquist, 11 V.I. 3, 6 (Mun. Ct. 1974). However, it is well-settled that "a bill of particulars is *not* a part of the indictment or information [or complaint], and it cannot validate a defective one. It can neither add to nor subtract from an information [, complaint] or indictment; nor [can it] change the crime charged." United States v. Little, supra, 317 F.Supp. at 1311; Accord, Russell v. United States, supra, 369 U.S. at 769–70; United States v. Critchley, 353 F.2d 358, 362 (3d Cir. 1965). To hold otherwise would be tantamount to allowing the Government to use the bill of particulars to allege essential facts constituting the offense charged to amend its complaint. Such a result is impermissible. Accordingly, each of the respective defendant's motion to dismiss Counts II and III of the complaints will be granted.

■ The Court, sua sponte, notes that the manner in which the Government drafted these complaints is deficient as each of the counts standing alone, except arguably Count I in each case, does not charge an offense. Each count of an indictment or complaint must stand alone, United States v. Michael, 456 F.Supp. 335, 345 (D.N.J. 1978), cert. denied, 444 U.S. 1032, and must charge an offense under the criminal code. United States v. Cury, 313 F.2d 337, 339 (3d Cir. 1963). "Although the overly mechanistic segregation of counts has been criticized as being incompatible with the letter and spirit of . . . Rule 7 [Federal Rules of Criminal Proce-

dure], there is considerable doubt that the essential allegations of one count may be impliedly incorporated into another count in the absence of *express* reference." United States v. Michael, supra. (Emphasis added.) "[T]his rule is not just a matter of form." United States v. Cury, supra. Hence, future draftsmen should be cognizant of this requirement.

## ORDER

Based upon the foregoing Memorandum Opinion, it is hereby

ORDERED that each of the defendants' motion to dismiss Counts II and III in Criminal Nos. 323/1983 and 359/1983 is GRANTED.