**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**MARK GEORGE LEWIS and NIGEL PAUL BIGBY, Defendants**

Crim. Nos. F76/97 & F77/97

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 4, 1998

101

Rosalind Kelly, Esq., (Assistant Attorney General, Department of Justice), St. Thomas, U.S.V.I., *for Plaintiff*

Lloyd De Vos, Esq., (De Vos & Co.), St. Thomas, U.S.V.I., *for Defendant Lewis*

Brenda Scales, Esq., (Territorial Public Defender), St. Thomas, U.S.V.I., *for Defendant Bigby*

HODGE, *Judge*

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motions to Arrest Judgment pursuant to Rule 34 of the Federal Rules of Criminal Procedure. The issue raised is whether the information filed herein charging Conspiracy to Distribute a Controlled Substance in violation of 19 V.I.C. § 609 is defective without a specific reference to an overt act. For the reasons which follow, the Court holds that the information is not defective.

### I. Introduction

Defendants Mark George Lewis and Nigel Paul Bigby were arrested and charged with Conspiracy to Distribute a Controlled Substance in violation of 19 V.I.C. § 609. On September 15, 1997, a jury was impanelled and the trial commenced on September 23, 1997. At the conclusion of the trial on September 24, 1997, the jury found both defendants "Guilty" as charged. Both Defendants timely filed these motions.

The Court notes that the Defendants' Motions to Arrest Judgment stem from their Sixth Amendment right, made applica-

ble to the Virgin Islands pursuant to Section 3 of the Revised Organic Act of 1954, which provides, in part, that:

in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation [against him].

In addition, since Defendants assert that they were not adequately informed of the charges against them, they allege a violation of their Fifth Amendment right to due process of law. Thus, Defendants allege violations of substantive rights and, as such, an objection to the information may be raised at anytime. *See* RULE 52(b), Fed.R.Crim.P. However, when the objection is not raised before or during trial, the challenged language is construed liberally in favor of its validity, *U.S. v. Sullivan*, 919 F.2d 1403 (10th Cir. 1990), especially where, as here, defendants fully defended all the facts of the case, including the overt acts which were presented at trial. *See also U.S. v. Grey*, 56 F.3d 1219, 1222-1223 (10th Cir. 1995).

## II. Arguments of the Parties

Both Defendants specifically contend that the information filed against them does not contain an essential element of the offense charged since it failed to allege an overt act as an element of Conspiracy to Distribute a Controlled Substance in the Virgin Islands. Defendants further contend that the general conspiracy statute, 14 V.I.C. § 551, requires that the Government prove an overt act in furtherance of the conspiracy, and that the Government failed to plead any overt act in the information filed against Defendants. Moreover, Defendant Bigby contends that the conspiracy provision under which they were charged, 19 V.I.C. § 609, is a statute that enhances the punishment for conspiring to distribute a controlled substance, rather than a statute under which Defendants may be charged. As such, Defendants argue that they were not put on notice of all the elements of the offense, and that judgment in this matter should be arrested and the information dismissed.

In opposition, the Government argues that the information contains all the essential elements of the offense charged. The Government states that the information tracks the language of the

statute, to wit, 19 V.I.C. § 609, and that is all that is required to appraise Defendants of the charge against them. The Government concedes that while it must prove an overt act, the information need not allege the overt act under the circumstances of this case. The Government further contends that the information filed in this matter is sufficient to afford Defendant the defense of double jeopardy if a subsequent charge is filed, and that the validity of the information should be construed liberally in favor of the Government since Defendants never challenged the sufficiency of the information at arraignment, during discovery, at pretrial, nor during the trial. Moreover, the Government contends that although Defendants never sought a bill of particulars during the pendency of this matter, they were given all the facts and overt acts of the conspiracy during discovery and the pretrial conferences and that it was not until after Defendants conviction that they raised the issue, after all the facts and circumstances of the conspiracy had been fully tried, argued, and defended, including all overt acts.

In reply to the Government's response, Defendant Nigel Bigby states that the Government's position is unsupported by case precedent in this jurisdiction. Defendant Bigby further states that the Government's argument that the validity of the information should be construed liberally in its favor due to Defendants' failure to move for a bill of particulars is untenable given the settled rule of law that a bill of particulars cannot save a fatally defective information.

## III. Analysis

### A. Title 19 V.I.C. § 609

The amended information filed in this matter states:

> On or about February 21, 1997, in St. Thomas, U.S. Virgin Islands, Winston Graham, Mark George Lewis, and Nigel Paul Bigby, did conspire to distribute a controlled substance, to wit, marijuana, in that Winston Graham agreed to sell marijuana to Mark George Lewis and Nigel Paul Bigby in violation of 19 V.I.C. § 609.

Defendants are charged with a violation of the Controlled Substances law, which is codified in Title 19 of the Virgin Islands

104

Code. They are specifically charged with a violation of 19 V.I.C. § 609, which states:

> Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

■ There is nothing within 19 V.I.C. § 609 or anywhere else in the Controlled Substances Law which requires the allegation of an "overt act" in the charging Information. Indeed, Defendants do not even make such a contention. Instead, they rely on a general conspiracy provision, 14 V.I.C. § 551, contained in a separate title of the Virgin Islands Code, i.e. Title 14, and a qualifying provision therein, i.e. § 522, which states:

> No agreement, except to commit a felony upon the person of another, or to commit arson, or burglary, amounts to conspiracy, unless some act, besides such agreement, be done to effect the object thereof, by one or more of the parties to such agreement.

■ Even this section does not compel the inclusion of an overt act in the charging information. Indeed, it specifically states that "no agreement . . . amounts to conspiracy, unless some act . . . be done . . .". Thus, this section only requires proof of an overt act before a conviction can be had under the general conspiracy law of Title 14, enacted from the 1921 codes. Since Defendants are charged with the violation of a specific conspiracy statute under Title 19, enacted in 1971, the provision of 14 V.I.C. § 522 which is related to the general conspiracy provision of Title 14, if applicable at all, need not be pleaded in the information for Title 19 conspiracy charges. It is clear that the subsequent enactment of a specific controlled substances law must supersede the prior enactment of a general criminal law. If the Legislature intended to require that an "overt act" be pleaded in the controlled substance conspiracy charge, it could have so provided when it enacted Title 19 V.I.C. § 609.

■ Indeed, the U.S. Supreme Court agreed with such reasoning in *Salinas v. U.S.*, 118 S.Ct. 469 (1997). In *Salinas*, the defendant was charged with violating the RICO conspiracy statute pursuant to 18 U.S.C. § 1962(d) which states:

> It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

The Court found that there was "no requirement of some overt act or specific act in the statute . . . unlike the general conspiracy provision applicable to federal crimes, which requires that at least one of the conspirators have committed an act to effect the object of the conspiracy". *Id.* at 476. Thus, the Court found that the RICO statute "was even more comprehensive than the general conspiracy offense in § 371" and that it "broadened conspiracy coverage by omitting the requirement of an overt act". *Id.* at 477. Such is the case in this matter, where the controlled substances conspiracy statute pursuant to 19 V.I.C. § 609 has extended the coverage of conspiracy to include patterns of conduct, where no overt act need be alleged in the information.

■ Moreover, the Court rejects Defendant Bigby's claim that Title 19 V.I.C. § 609 is an "enhancement" statute. An "enhancement" would require a basic statutory charge to be alleged in the information along with a secondary statutory charge that is alleged to enhance the punishment for conviction on the former. Since the only charge was Title 19 V.I.C. § 609, it cannot be an enhancement in this case. Clearly, you can "conspire" to do something or "conspire" to attempt to do something without actually doing it. Thus, the "conspiracy" is a charge in itself; not an enhancement of a non-existing basic charge for sentencing purposes.

Nevertheless, in an overabundance of caution, this Court ruled that an overt act had to be proven in this case before Defendants could be convicted of Conspiracy, even under Title 19. However, the requirement to prove an overt act does not mean that the overt act must be pleaded in an Information charging a Title 19 conspiracy.

■ Following the specific language of Title 19 V.I.C. § 609, the Information states (1) the date and place of the alleged conspiracy,

(2) the three persons who are alleged to have conspired, (3) what they conspired to do, i.e. distribute a controlled substance, (4) what the controlled substance was, i.e. marijuana; and (5) which conspirator agreed to sell and to whom. In so doing, the Information contains every element of the charge of Conspiracy to Distribute a Controlled Substance and makes specific reference to the charging statute, Title 19 V.I.C. § 609. Moreover, the Information literally tracks the language of that statute by stating that Defendants "conspired to distribute a controlled substance", making it clear that the underlying offense upon which the alleged conspiracy is based falls within the specific Controlled Substance statute of Title 19, and not the general conspiracy statute of Title 14 of the Virgin Islands Code.

*B. Rule 7 of F.R. CRIM. P.*

■ Pursuant to RULE 7(c)(1) of the FEDERAL RULES OF CRIMINAL PROCEDURE, an information must contain each element of the offense and give the defendant fair notice of the charges against him. RULE 7(c)(1) further dictates that the information or indictment must include the citation of the statute which the defendant is alleged to have violated. The Supreme Court has held that the sufficiency of an information or indictment under this rule is to be measured by two (2) criteria:

1. whether it contains all the elements of the offense and sufficiently apprises the defendant of what he must be prepared to meet; and

2. whether in the event subsequent actions are brought against the defendant for a similar offense, the record shows with accuracy the extent to which he may plead a former acquittal or conviction.

*Russell v. United States*, 369 U.S. 749, 763-764 (1962); *Government of the V.I. v. David*, 20 V.I. 259 (Terr. Ct. 1984).

1. Elements of the Offense

Applying the first prong of the *Russell* test, the Court notes that neither defendant has claimed that he was not sufficiently apprised of what he "must be prepared to meet". Rather, Defendants Bigby

107

and Lewis insist that the Government failed to allege an overt act in the information which warrants its dismissal, even if they were put on notice of the overt acts and adequately defended against them. The Court disagrees with such a technical interpretation since the validity of an information, like an indictment, is governed by practical considerations. *See United States v. Devoll*, 39 F.3d 575, 579 (5th Cir. 1994). Indeed, Defendants rely on *Moolenaar v. Government of the V.I.*, 490 F.Supp. 487 (D.C.V.I. 1996), to support their proposition; however, the Third Circuit Court of Appeals reversed Moolenaar, rejecting such technicalities. *Government of the V.I. v. Moolenaar*, No. 96-7766, slip op. (3d. Cir. January 8, 1998).

In *Moolenaar*, the defendant was charged with Burglary in the Second Degree in violation of 14 V.I.C. § 443, which requires that the breaking and entering be committed with the intent to commit an offense, as defined by the laws of the Virgin Islands. The information charging the defendant stated that the offense was theft, and defendant argued and the Appellate Division agreed that since there exists no offense of theft in the Virgin Islands Code, the information failed to charge an offense, and as such, was invalid. The Third Circuit Court of Appeals rejected such a "narrow and constricted interpretation" and reversed, holding that the defendant had "sufficient notice of what he was charged with and what he had to defend". *Government of the V.I. v. Moolenaar*, slip op. at 5.

■ This case is analogous. The information in this matter not only tracks the specific language of Title 19 V.I.C. § 609 but also contains a "to wit" clause putting Defendants on notice of the basis of the conspiracy charge. *Government of the V.I. v. Smalls*, 320 V.I. 157 (Terr. Ct. 1995). Even the failure to include a "to wit" clause "does not render the information fatally defective since it is not necessary that an information set forth all details of the incident or all the overt acts or means by which the prosecution hopes to prove that the defendant committed the specified offense." *Id.* at 171. A plain, concise and definitive statement of the essential facts constituting the offense is sufficient. Rule 7(c)(1) F.R. Crim. P. 1 Charles Wright, Federal Practice and Procedure Sections 123 & 125 (1982). *See also Russell v. United States*, 369 U.S. 749 (1962).

In addition to the sufficiency of the information, Defendants engaged in full discovery, obtaining all appropriate facts, circumstances, witnesses, and overt acts from the Government, and indicated to the Court their readiness for trial. In addition, throughout their preparation for trial, Defendants were given ample opportunity to raise the "overt act" issue regarding the Information. Indeed, the Information was amended during the pretrial period. It was only after their convictions by the jury, that one defendant, and then the other, made their claims for an arrest of judgment based on the absence of an "overt act" in the Information. This technical maneuver by Defendants is rejected by this Court. Not only were both Defendants fully aware of and fully defended all the overt acts, but also the laws of Title 19, under which Defendants are charged, do not require such allegations in the Information. Like the Third Circuit in *Moolenaar*, this Court rejects such technicalities. Indeed, Defendant Bigby does not even state what "overt act" he was unable to defend during the trial, and Defendant Lewis listed only one overt act despite the numerous overt acts proven at trial. Defendants seem to be unaware that proof of a single overt act by any one co-conspirators is sufficient to establish conspiracy. This Court, guided by practical considerations and fundamental fairness, rejects Defendants' technicalities, and concludes that the information contains all the elements of the offense and sufficiently apprised Defendants of what they had to be prepared to meet.

2. Avoidance of Double Jeopardy

The second prong of the *Russell* test requires that an information must be such that it allows a defendant to plead a former acquittal or conviction. Defendants argue that since the information does not state an overt act, it does not state an offense so they may be twice put in jeopardy for the same conduct. This Court, like the Third Circuit Court of Appeals, disagrees. It is settled that the Information is not the only source of establishing the scope of the charges for double jeopardy purposes. *See Government of the V.I. v. Moolenaar, supra.* As indicated previously, the information sets forth the words of the statute and adds specific references to the conspirators and the violation of the controlled substances law

which they conspired to breach. No case law has engrafted on the controlled substances statute a requirement of pleading an overt act in such an Information. Further, this matter has been tried to conclusion, and the entire record exists to establish the charges against Defendants in the event subsequent actions are brought against any of them for the same offense. Moreover, the Court instructed the jury as to all elements of proof, including that of an overt act, before the defendants could be convicted. Thus, the record established in this matter prohibits Defendants from being twice put in jeopardy for the same conduct that precipitated this matter.

It appears that this is not a matter of "double jeopardy" against Defendants but a matter of "two bites of the apple" by Defendants. Indeed, Defendants are attempting to use their constitutional rights as a sword instead of a shield. Such an attempt was recently rejected by the Third Circuit in *United States v. Issac*, No. 96-7109, slip. op. at 13 (3d Cir. January 20, 1998). There, it was held that when a defendant uses his Fifth Amendment "protection as a sword, rather than a shield, the prosecution may respond appropriately". *A fortiori*, this Court has responded appropriately by rejecting such technical maneuvers in the interest of justice.

Accordingly, since the Defendant's were adequately put on notice of the charge against them, and the record established in this matter precludes Defendants from being twice put in jeopardy for the same conduct, the requirements of Rule 7 and the related case law have been satisfied.

## IV. Conclusion

For the foregoing reasons, this Court concludes that since Defendants did not raise their objection to the information prior to trial or even during trial, the information shall be construed liberally in favor of its validity. The Court further concludes that the information filed against Defendants in this matter is not fatally defective, and that Defendants fully defended the numerous overt acts by the co-conspirators that were established by the evidence. The Court further concludes that Defendants may claim no prejudice since the jurors were fully instructed as to all items of

proof needed for conviction, including at least one overt act, prior to finding both Defendants guilty.

Accordingly, Defendants' Motions to Arrest Judgment will be denied.

DATED: February 4th, 1998.